SIMS *v.* PHILLIPS.

Decided February 7, 1891.

*Fraudulent conveyance—Exempt property.*

> A mortgage of all a debtor's property cannot be fraudulent if it be less in
> value than he is entitled to hold exempt from execution.

APPEAL from *Sebastian* Circuit Court.

J. H. EVANS, Special Judge.

Phillips, being a constable, levied upon certain personal property, including 300 bundles of fodder, under an execution against Sampson in favor of Tatum. Sims brought replevin for the property, claiming under a mortgage from Sampson. It was shown that the mortgage covered all of the property owned by Sampson, and that it was less in value than $200. Among other things, the mortgage embraced 150 bushels of corn and 300 bundles of fodder. At the time the mortgage was executed Sims consented that Sampson should use and consume the fodder and corn. The court charged the jury:

"If Sims took the mortgage given in evidence upon corn, fodder, or other property which must perish in the using, and consented that the same should remain in the possession of Sampson and be used and consumed by him, the mortgage would be entirely fraudulent and void as to creditors, and you should find for defendant."

There was verdict and judgment for the defendant. Plaintiff has appealed.

The appellant *pro se.*

The mortgage in this case cannot be in fraud of creditors, unless the appellee shows that if said mortgage had not been given the property would have been subject to seizure and sale under execution. 31 Ark., 556; 43 *id.*, 434; 52 *id.*, 547.

The appellee *per se.*

1. The burden of proof in this case was on appellant to show that the property was not subject to seizure and sale

194 SIMS v. PHILLIPS. [54

before it was mortgaged. 52 Ark., 547; 13 S. W. Rep., 139. It is not shown that Sampson was a resident of the State, or that he was entitled to claim the property as exempt.

2. The mortgage being fraudulent was void as to creditors. 4 Yerg., 541; Bump, Fr. Conv. (2d ed.), secs. 476–7; 41 Ark., 190.

<span style="margin">Fraudulent sale—Exempt property.</span> COCKRILL, C. J. There was testimony which would have warranted the jury in finding that Sampson, the mortgagor, was entitled to claim his exemptions under the laws of this State; that the property covered by the mortgage was all the personal property owned by him at that time; and that its value was less than the exemptions allowed by law. The charge of the court excluded the consideration of these facts from the jury, and instructed them that the mortgage was void if executed with the intent to hinder and delay a creditor of the mortgagor, provided the mortgagee participated in the fraud. That was error, for if the mortgage had not been made, and the facts were as we have stated, the creditor could not have taken the property in satisfaction of his debt, and no transfer of it could be in fraud of his rights. *Erb* v. *Cole*, 31 Ark., 554; *Blythe* v. *Jett*, 52 *id.*, 547.

We have considered no other phase of the charge, but as the error indicated pervades the whole charge upon the subject of fraud, the judgment must be reversed, and the cause remanded for a new trial.