CLARK SHOE CO. *v.* EDWARDS.

Opinion delivered February 25, 1893.

*Assignment for benefit of creditors—Withholding assets.*

> An assignment for the benefit of creditors purporting to convey all of the assignor's property is invalidated by an intentional withholding of any valuable part thereof, whether material or not, unless the assignor could have claimed the part so withheld as exempt from execution.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*T. W. Hardy* and *Sanders & Watkins* for appellant.

Where a failing debtor makes an assignment purporting to convey all his property for the benefit of creditors, but intentionally withholds a *valuable* part, the assignment is fraudulent and void. 46 Ark. 405; 54 *id.* 128; 53 *id.* 86. The court erred in modifying the instructions by striking out the word "valuable" and inserting "material."

*Thornton & Smead* for appellees.

The *unintentional* omission of assets by accident or oversight does not invalidate an assignment. 85 N. Y. 469. In 46 Ark. 405, the withholding was *intentional*. The fraud must be in the assignment itself, and not in some act before or after the assignment. Wait, Fr. Conv. sec. 320; 18 Ark. 124; 54 *id.* 128. But Edwards was entitled to $500 exemptions, and only claimed $41. He was entitled to the additional items, and even if he intentionally withheld them, his creditors cannot complain as they were not subject to his debts.

2. This court in 54 Ark. 128 approved an instruction in which the word "material" was used in the same sense that it is used in the instructions in this case.

*Harvey & Hill* for appellees.

53 Ark. 87 simply holds that the withholding must be *intentional*, as was also held in 46 *id*. 410.   In 54 Ark. 128 the court held that the intentional withholding of an *immaterial* portion of the property does not vitiate the assignment.   No acts subsequent to the assignment vitiate it.   88 Penn. St. 167; Burrill on Assignments, sec. 361; 68 Wis. 442; 54 Ark. 126.

BATTLE, J.   During the year 1890 M. L. Edwards and T. J. Edwards did a mercantile business in Stephens, in this State, under the firm name and style of M. L. Edwards & Co.   On the 15th of October, 1890, T. J. sold his interest in the property of the firm to M. L. Edwards, and M. L. assumed and agreed to pay the indebtedness of the partnership, and continued the business until the second of January, 1891, when he discovered that he was unable to pay his debts.   On that day or the next he conveyed by deed to D. Newton, in trust for the payment of his creditors, assets which he represented therein to be all his property, except his homestead and personal property of the value of $41.   On the 14th of the same month the Clark Shoe Company brought an action, in the Ouachita circuit court, against M. L. and T. J. Edwards to recover $340 owing to it by the firm of M. L. Edwards & Co., and sued out an order of attachment against them on the ground that they " had sold and conveyed or otherwise disposed of their property, with the fraudulent intent to cheat, hinder and delay their creditors."   The property assigned was attached, and Newton, in a complaint filed in the action, claimed it, and, in a trial before a jury, recovered a verdict therefor.   Judgment was rendered accordingly, and plaintiff appealed.

In the trial the plaintiff asked the court to instruct the jury as follows :   " The jury are instructed that the

assignee, D. Newton, may be perfectly innocent, and yet the assignment void. And if you believe from the evidence that M. L. Edwards intentionally withheld any valuable part of his assets from the assignment, then you will find the assignment void, and you will find for plaintiff." But the court modified this instruction by striking out the word "valuable" and substituting therefor the word "material," and gave it as modified ; and at the same time at the instance of Newton instructed the jury that, "in determining the question as to what constituted a material part," they could "compare the amount omitted with the amount included in the assignment." The evidence on which these instructions were asked showed that notes and accounts, amounting to about $100 and belonging to the assignor, were left out of the assignment.

Other instructions were asked by the plaintiff and refused by the court, but those we have set out fully present the only question necessary for us to consider.

Did the court err in modifying the instruction which was asked for by the appellant, and in the explanation of the modification?

In *Probst* v. *Welden*, 46 Ark. 405, it was held that "where a failing debtor makes an assignment purporting to convey all his property for the benefit of creditors, but intentionally withholds a valuable part, the assignment is fraudulent and void as between the assignor and attaching creditors, though the part be withheld for the purpose of applying it to other debts not secured by the assignment, and be actually so applied."

In *Lowenstein* v. *Finney*, 54 Ark. 128, the plaintiff asked for an instruction, and the court modified it by inserting the word "intentionally," and gave it as modified. As modified it was as follows : "The assignment in this case contemplated all the property of the assignor,

and if he withheld *intentionally* from his assignee any material portion of his property, it is fraudulent as to creditors." The contention here was, the modification was wrong. It was not held that the instruction was correct. The contention was disposed of by saying, " we do not think that the *unintentional* withholding by appellee from his assignee of the small amount of household goods referred to was sufficient proof of fraud in this case, and upon this we will not disturb the court's finding."

The rule was correctly stated in *Probst* v. *Welden*, 46 Ark. *supra*. The instruction which was given in this case, at the instance of Newton as before stated, should have been refused. The modification of the instruction asked for by the appellant was erroneous. If given, it should have been given as asked for by him, but he was not prejudiced by the refusal to do so, or by the instruction given. The property reserved in the deed of assignment, together with that which was not mentioned or referred to therein, were not as much as the assignor was allowed to hold exempt from execution. Creditors were neither prejudiced, nor lulled into false security, by the failure to include the notes and accounts in the assignment, and have no right to complain.

Judgment affirmed.