GIBSON v. BARRETT.

Opinion delivered April 29, 1905.

1. HOMESTEAD—FRAUDULENT CONVEYANCE.—Creditors of a married woman cannot complain that she, in fraud of their rights, conveyed half of her homestead to her husband, and the remainder to her daughter. (Page 206.)

2. SAME—MARRIED WOMAN.—A married woman is entitled to hold her lands as a homestead when they are occupied by her and her husband as such. (Page 206.)

Appeal from Lonoke Chancery Court.

JESSE C. HART, Judge.

Affirmed.

*Geo. Sibly,* for appellant.

*T. C. Trimble, Sr., Joe T. Robinson* and *Thos. C. Trimble, Jr.,* for appellees.

There can be no fraudulent conveyance of a homestead. 43 Ark. 429; 57 Ark. 242; 52 Ark. 493; 52 Ark. 102; 33 Ark. 454, 762. The appellant is not entitled to have the conveyance set aside. 11 Ark. 411, 716; 52 Ark. 171, 389; Kirby's Dig. § 3898; 65 Ark. 373; 66 Ark. 382; 71 Ark. 207; 21 Ill. 445; 68 Mo. 388; 14 How. 519; 69 Mo. 415; 48 Ark. 539. No decree should have been rendered against Helen M. Barrett. 39 Cal. 688; 11 Ill. 31; 94 Ind. 268; 60 Ind. 245; 93 Ind. 62; 73 N. C. 464. Refusal to annul the conveyance made to Martha C. Thompson was proper. 12 Ark. 172; 94 N. W. 30; 36 L. R. A. 311.

BATTLE, J. A. B. Barrett purchased one hundred and sixty acres of land, and caused the same to be conveyed to his wife, Helen M. Barrett. They occupied the same as a homestead until the death of the wife, and A. B. Barrett thereafter continued to occupy the land in the same manner. A short time before her death, and while she was occupying it as a homestead, Mrs. Barrett conveyed eighty acres of the land to her daughter, Martha C. Thompson, and the remainder to her husband. At the time of the purchase by the husband and of the conveyance by the wife they were much in debt. Their creditors brought this suit to set

aside the conveyance of Mrs. Barrett as fraudulent, and to subject the land to the payment of her debts. Upon final hearing their complaint was dismissed as to the land, and they appealed.

We adopt as the opinion of the court in this case so much of *Stanley* v. *Snyder*, 43 Ark. 429, 434, as is in the following language:

"Section 3 of Article IX, Constitution of 1874, provides that the homestead of a resident, * * * or head of a family, shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except for certain privileged debts. The legal effect of this provision is that fraud cannot be predicated of a conveyance of the homestead, for the creditor could not have reached that with his execution if the debtor had retained it. The law excludes the homestead from all remedies of ordinary creditors in all courts. It resolves itself into this, that as to exempt property there are, within the meaning of the statute of frauds, no creditors. And as there is no restraint upon the debtor against selling or conveying such property, the motives with which such transfers are made do not concern the creditor. The debtor may sell, exchange or give it away, and his creditor has no just cause of complaint; for, being exempt, it is no more beyond his reach after transfer than it was before. In such alienations there may be a bad motive, but no illegal act." *Bogan* v. *Cleveland*, 52 Ark. 101; *Carmack* v. *Lovett*, 44 Ark. 180; *Pipkin* v. *Williams*, 57 Ark. 242; *Blythe* v. *Jett*, 52 Ark. 547; *Clark Shoe Co.* v. *Edwards*, 57 Ark. 331; *Gray* v. *Patterson*, 65 Ark. 373; *Kennedy* v. *First Nat. Bank*, 36 L. R. A. 311.

The wife is entitled to hold her lands as a homestead, when they are occupied by her and her husband as such. *Thompson* v. *King*, 54 Ark. 9.

Affirmed.