·BAXTER COUNTY BANK *v.* COPELAND.

Opinion delivered October 12, 1914.

1. BANKRUPTCY—STATE AND FEDERAL LAWS.—The State insolvency act of June 26, 1897, was superseded by the bankruptcy act of Congress of July 1, 1908, insofar as the acts relate to the same subject-matter and affect the same persons.

2. FRAUDULENT CONVEYANCES—ALLEGATIONS OF FRAUD.—Mere general allegations that an assignment made by defendant of his assets was made to defraud his creditors is insufficient.

3. FRAUDULENT CONVEYANCES—CONVEYANCE OF ·EXEMPT PROPERTY.—Creditors can not complain where a debtor exchanged exempt personal property for real property, taking title to the latter in his wife's name.

4. APPEAL AND ERROR—CLERICAL MISPRISION—CHANCERY APPEAL—JUDGMENT.—Where the chancery court should have entered judgment in appellant's favor for a certain sum, on appeal the trial in the Supreme Court being *de novo*, the Supreme Court will enter such judgment as the chancery court should have entered upon the undisputed facts of the record.

Appeal from Baxter Chancery Court; *George T. Humphries,* Chancellor; modified and affirmed.

STATEMENT BY THE COURT.

J. C. Copeland, an insolvent merchant of Marion County, Arkansas, on the 4th day of January, 1913, executed a general deed of assignment for the benefit of creditors, naming T. L. Bond as assignee. The deed included all of his property except certain articles of personal property, described in the schedule attached, which he claimed as exempt. The deed specified that the assignee, after filing the inventory of the property described in the deed and making the bond required by law, should administer the assets under the directions of the chancery court in conformity with the statutes.

The deed was filed with the clerk of the Marion Chancery Court on the 8th day of January, 1913, and the assignee took possession of the property. Copeland thereafter moved to Baxter County and traded the personal property scheduled as exempt for town lots in Cotter, Baxter County, to one Browning, and had the deed to the lots made to his wife.

On the 20th of March, 1913, the Baxter County Bank instituted suit against Copeland and his wife and Browning and T. L. Bond and A. G. Thompson in Baxter Chancery Court. It set up in its complaint that Copeland and his wife were then residents of Baxter County; that Copeland had executed to one Gallup two promissory notes in the sum of $114.90 each, which Gallup had, for value and before maturity transferred to the bank. It alleged "that Copeland is wholly insolvent and has recently traded off a large amount of his personal property to one Henry Browning for certain lots in the town of Cotter; that he caused Henry Browning to convey said property to Lula B. Copeland, wife of J. C. Copeland, for the purpose of hindering and delaying his creditors and placing the same beyond the reach of his creditors, among whom was the plaintiff; that J. C. Copeland, for the purpose of hindering, delaying and defrauding his creditors, transferred to T. L. Bond and A. G. Thompson a large amount of personal property by voluntary transfer, wholly without consideration, and that said Copeland still remains the owner thereof, and of the land described; that Copeland is insolvent and that his debts exceed the sum of $1,000." The complaint prayed that a receiver be appointed to take possession of the goods in the hands of T. L. Bond and A. G. Thompson and safely keep the same pending suit, and that Copeland be declared the beneficial owner of the real property deeded to his wife, Lula B. Copeland, by Browning, and that the same be subjected to the plaintiff's debt, and it prayed for judgment on the notes.

Appellees J. C. Copeland and Lula B. Copeland answered the complaint, admitting that the personal property claimed by them as exempt was traded for the town lots as set forth in the complaint, and that the title was taken in the name of Lula B. Copeland, but denied that this was done to hinder or defraud creditors. They alleged that the property traded for the town lots was exempt and had been scheduled and set apart as exempt property in J. C. Copeland's deed of assignment; that

the deed was taken in his wife's name in good faith and for a valuable consideration; that Lula B. Copeland has furnished the said J. C. Copeland the sum of $500 in cash, and that this was the consideration for the deed to her.

In the Marion Chancery Court an *ex parte* petition was filed at the April term, 1913, by certain creditors of J. C. Copeland, in which they alleged the execution of the deed of assignment by Copeland and the proceedings thereunder, towit: That Bond, the assignee, had taken possession of the property mentioned, and that after taking possession of the same a receiver was appointed by the chancery court of Baxter County, who, under the orders of the chancery court, had taken the property from the possesion of T. L. Bond; that the Baxter Chancery Court had decreed that when the Marion Chancery Court took jurisdiction of the property for the purpose of administering the same under the assignment that said goods and property should be returned to the jurisdiction of that court. It set up that the assignee named in the deed had failed to qualify; that the Marion Chancery Court took jurisdiction and appointed a trustee in his stead.

The Baxter County Bank appeared specially to this petition and objected to the Marion Chancery Court taking jurisdiction. It set up that Copeland was indebted to it, and was indebted generally in a sum exceeding $1,500; that the assignment was void, and that the law pertaining to general assignments for the benefit of creditors, to be administered in the chancery court, was inoperative. It alleged that it had a suit pending in the Baxter Chancery Court against Copeland, and that said court had ample power and jurisdiction to adjudicate all the matters involved.

The Marion Chancery Court overruled the bank's objection to its jurisdiction, and assumed jurisdiction to administer the personal estate mentioned in the deed of assignment of Copeland, and appointed a trustee. From this order of the Marion Chancery Court the bank

appealed. Thereafter, at the October term, 1913, of the Baxter Chancery Court, the court dismissed the complaint of the bank as to the personal property and as to the receivership, for the reason that the Marion Chancery Court had assumed jurisdiction to administer the personal estate and had appointed a trustee to take charge of the same.

The Baxter Chancery Court, after a further hearing of the cause upon the pleadings, the deposition of Copeland and the agreed statement of facts, entered the following finding:

"That Lula B. Copeland has title to the town lots in controversy; that defendant J. C. Copeland is indebted to the plaintiff for the debt sued for;" and the court entered a decree in favor of the bank for $114.90, the principal of said note, and for the additional sum of $25.38 interest thereon, and entered a decree quieting the title to the lots in controversy in Lula B. Copeland.

Appellant duly prosecutes these appeals from the decrees of the Marion and the Baxter chancery courts. The causes are consolidated for convenience in the hearing. The agreed statement of facts used in both the Marion and the Baxter chancery courts is as follows:

"It is agreed that on and prior to the 4th day of January, 1914, J. C. Copeland, one of the defendants herein, was engaged in the mercantile business in Marion County, Arkansas, and was, at and prior to said date, a resident of said Marion County. That in pursuing the said business, the said J. C. Copeland became involved, contracting a large amount of indebtedness that he was unable to pay, among other indebtedness the two notes of one hundred and fourteen dollars each to H. H. Gallup, and by him assigned to Baxter County Bank.

"That on the 4th day of January, 1913, while the said J. C. Copeland was a resident of said Marion County, and while his entire stock of merchandise was situated in said Marion County, Arkansas, he executed,

acknowledged and delivered to the defendant, T. L. Bond, the following instrument of writing:

"(Reference is here made to the deed of assignment.)

"That the said T. L. Bond, on the 8th day of January, 1913, caused said instrument of writing to be filed with the clerk of the Marion Chancery Court and at once took possession of the entire stock of merchandise belonging to the said Copeland, except that portion of said stock listed in schedule "A," and which the said Copeland claimed as exempted to him under the laws of the State of Arkansas. That the property alleged to have been sold by the defendant Copeland to the defendant Browning were the goods described in schedule "A" to the above deed. That all of the stock of goods mentioned in said deed, except those sold to the defendant Browning, were at, and all times prior to the institution of this suit, in Marion County, Arkansas, and were at the time of the appointment of the receiver therein in the possession of the said T. L. Bond through his agent, A. G. Thompson.

"That the receiver heretofore appointed by this court has taken possession of the said property and is now in possession thereof. T. L. Bond has made an inventory of the said property, but has not filed said inventory nor executed bond as provided by law as such trustee. That the chancery court of Marion County has never taken any steps therein, nor made any orders in relation to said assignment, and has never assumed any jurisdiction thereof unless the mere making of the said deed by Copeland and the filing of the same by Bond is to be construed as giving jurisdiction, nor has the said chancery court of Marion County been in session since execution and filing of the said deed. That all of the parties to said deed were at the time of the execution thereof residents of Marion County. That the inventory attached to the receiver's report herein is the inventory made by the said T. L. Bond, trustee. That at the time of the commencement of this action, the defendant, J. C. Copeland, was a resident of Baxter County, Arkansas,

and both J. C. Copeland and Lula B. Copeland were served with summons in this action by the sheriff of Baxter County, in Baxter County."

*Allyn Smith,* for appellant.

1. As to the Marion County case, the deed of assignment was void, since the debts exceeded $1,000, and the attack was made within four months. 88 Ark. 519; 97 Ark. 520.

2. The Baxter Chancery Court erred in failing to give judgment for both notes.

*Z. M. Horton, Gus Seawell* and *Sam Williams,* for appellees.

1. The statute, Kirby's Digest, § § 336-343, presupposes a deed of assignment and the creation of a trust. It undertakes only to regulate the execution of the trust and to safeguard the interests of the creditors, and is not an insolvency law nor suspended by the National Bankruptcy Act of 1898.

While the making of a deed of assignment for the benefit of creditors is an act of bankruptcy under the National Bankruptcy Act, yet, as against every one, except proceedings in bankruptcy taken within four months from the date of the execution and delivery thereof, the deed is good. 5 Cyc. 241; 176 Fed. 505; 57 S. W. 566; 76 S. W. 135; 91 U. S. 51, 23 L. Ed. 377; 187 U. S. 177; 174 U. S. 590; 97 Ark. 520.

Upon the execution and delivery of the deed of assignment the title to the property vested in the trustee, and the execution of the bond and filing the inventory were conditions subsequent. 64 Ark. 207; 54 Ark. 124; 37 Ark. 64; 36 Ark. 406.

The Marion Chancery Court, therefore, had jurisdiction, since the title vested in the trustee who resided in that county; and that trustee having failed to make the bond and file the inventory required by statute, it was proper, after the expiration of the time in which to avoid the deed of assignment in bankruptcy, for the Marion Chancery Court to appoint a trustee. Felter on

Equity, 171; 39 Cyc. 277; 20 S. W. 1039; 123 S. W. 574; 87 S. W. 590.

2. The judgment of the Baxter Chancery Court dismissing the complaint as to the town lots, was correct, because as to exempt property there can be no creditors. 54 Ark. 193; 57 Ark. 331; 60 Ark. 1; 52 Ark. 547; 59 Ark. Ark. 503.

3. Appellant obtained the judgment against Copeland on the notes sued on, to which it was entitled. If the failure to enter judgment on both notes was a clerical misprision, no appeal would lie therefrom until the chancery court has had an opportunity to correct it. Kirby's Dig., § 4429.

WOOD, J., (after stating the facts). (1) The chancery court of Marion County had no jurisdiction to administer the estate of J. C. Copeland under the general deed of assignment. The State insolvency act of June 26, 1897,* was superseded by the bankruptcy act of Congress of July 1, 1898, insofar as they relate to the same subject-matter and affect the same persons, as was held in *Hickman* v. *Parlin-Orendorff Co.,* 88 Ark. 519. See, also, *Roberts Cotton Oil Co.* v. *Morse & Co.,* 97 Ark. 513.

An attack was made by appellant on this deed of assignment by its objection to the Marion Chancery Court assuming jurisdiction to administer the assets under this insolvency act within four months after the deed of assignment. The Marion Chancery Court therefore erred in assuming jurisdiction to administer the personal assets of the estate under this deed of assignment, and the chancery court of Baxter County erred in holding that the Marion Chancery Court had such jurisdiction.

(2-3) It appears from the pleadings and agreed statement of facts that these errors were not prejudicial to appellant. The appellant does not allege nor show facts sufficient to prove that the deed of assignment was made for the purpose of hindering, delaying or defrauding Copeland's creditors. Mere general allegations to that effect are not sufficient. Appellant does not set up

---

* See Session Laws 1897, Page 115, Act 48.

any facts tending to show fraud. The allegations of its complaint as to the transfer of personal property for the lots therein mentioned and the taking of the title to those lots in Lula B. Copeland are not sufficient to show fraud in this transaction, and the agreed statement of facts shows that the creditors had no right to complain of this, for the personal property transferred was exempt. Copeland and his wife had a right to make such disposition of that property as they pleased. The creditors of Copeland could not subject such property to the payment of their debts. See *Sims* v. *Phillips,* 54 Ark. 193; *Clark* v. *Edwards,* 57 Ark. 331; *King* v. *Hargadine- McKittrich Dry Goods Co.,* 60 Ark. 1.

(4) The chancery court did not err, therefore, in holding that the title to the lots in controversy was in Lula B. Copeland, and in quieting her title. The proof fails to show any fraud on the part of appellee J. C. Copeland in making the deed of assignment. Under the pleadings and the agreed statement of facts the chancery court should have entered a judgment in favor of the appellant bank for the additional sum of $114.90, with interest. The undisputed facts show that this amount was also due the appellant, and the court should have entered a decree for that sum, and doubtless would have done so had a specific request been made for such judgment. The failure to enter such judgment was in the nature of a clerical misprision, and, as the trial is *de novo,* this court will enter such judgment as the chancery court should have entered upon the undisputed facts of the record. See *Greenlee* v. *Rowland,* 85 Ark. 101.

The decree of the Baxter Chancery Court is modified and affirmed, and judgment will be entered here in favor of the appellant for the additional sum of $114.90, with interest at 10 per cent. per annum from August 6, 1912. As it is manifest that the chancery court would have rendered judgment for this sum had its attention been called to the oversight at the time its decree was entered of record appellant is not entitled to the costs of this appeal, and judgment for costs will be in favor of the appellees.