### NORWOOD v. WATSON et al.

(Circuit Court of Appeals, Fourth Circuit. May 2, 1917.)

#### No. 1498.

BANKRUPTCY ⊂⊃400(3)—EXEMPTIONS—SALE OF PROPERTY.

Under Const. S. C. 1868, art. 2, § 32, as amended (see 17 St. at Large S. C. p. 320), and Civ. Code S. C. 1912, § 3711, providing for a homestead exemption not exceeding $1,000 in value, and Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (Comp. St. 1916, § 9654), providing that the trustee shall be vested with the title of the bankrupt, except to property which is exempt, where bankrupts claimed their homestead exemptions in their schedules, the trustee had no title to such exemption, and a sale by him under an order authorizing the sale of all right, title, and interest of the bankrupts' estate in certain land did not disturb the homesteads therein, but passed to the purchaser only such interest in the property as the trustee had, and the bankrupts were not, therefore, entitled to

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the allowance of their homestead exemptions from the proceeds of the sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 673, 675.]

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of South Carolina, at Charleston, in Bankruptcy; Henry A. Middleton Smith, Judge.

In the matter of J. A. Watson and another, bankrupts. On petition by S. W. Norwood, trustee, to superintend and revise an order in favor of the bankrupts. Reversed.

M. C. Woods, of Marion, S. C., for petitioner.

H. S. McCandlish, of Marion, S. C. (L. D. Lide, of Marion, S. C., on the brief), for respondents.

Before PRITCHARD and KNAPP, Circuit Judges, and DAYTON, District Judge.

PRITCHARD, Circuit Judge. This is a petition to superintend and revise in matter of law proceedings of the District Court of the United States for the Eastern District of South Carolina in the case of S. W. Norwood, trustee in bankruptcy of the estates of J. A. Watson and J. C. Watson, trading as J. C. Watson & Son, petitioner, against J. A. and J. C. Watson, respondents.

It appears that respondents were adjudged bankrupts by voluntary petition on the 1st day of March, 1915. It further appears that a trustee was duly elected; that the greater portion of the estate of the bankrupts consisted of lands, and these lands were sold by the trustee on the first Monday in February, 1916, under order of the referee, which provided that the trustee should sell "all the right, title, and interest of the bankrupts' estate" in the lands in question. It was further stipulated in the order that "it being the intention of this order only to sell such interest in said lands as the bankrupts' estate have." It further appears that in pursuance of the Bankruptcy Act the respondents claim their homestead exemption of $1,000 in lands as provided by the laws of South Carolina in their schedule filed with the petition, that each one is the head of a family, and that the titles for the lands stood in the name of one partner or the other as an individual. It also appears that the trustee failed to set aside any homestead; i. e., by the allotment of a certain portion of the land in accordance with the provisions of the state law. He advertised and sold "all the right, title, and interest of the bankrupts' estate," while at the time of the filing of the petition it appears, as we have said, that the bankrupts claimed their homestead exemptions. It does not appear that they did or said anything further about the matter until after the sale of the property, at which time they claimed their homesteads out of the proceeds of such sale. The referee sustained their claim, and on a petition to review the District Judge sustained the referee by affirming the report that he had made.

It is insisted by counsel for trustee, on behalf of the creditors, that the homestead exemptions of respondents were not in any wise dis-

turbed by the sale of the property, which only purported to sell "all the right, title, and interest of the bankrupts' estate," and that this order limited the power of the trustee in that it only authorized him to sell the title and interest of the bankrupts' estate. In the case of Calder v. Maxwell, 99 S. C. 115, 82 S. E. 997, the Supreme Court of that state held that:

"An officer making a judicial sale has no power beyond that conferred by the order of the court, which must be strictly followed."

Of course, if the trustee had offered to sell the right, title, and interests of the bankrupts, then, in that event, they would have been entitled to have had allotted to them the value of the homestead exemptions arising from the proceeds of such sale. In view of the facts of this case it is insisted that inasmuch as the homestead exemptions were not allotted in advance, and could not have been allotted because the sale of the same was not contemplated by the trustee, that the title to the proceeds of such sale was vested in the creditors, and that the court below erred in decreeing that respondents were entitled to the same.

It is further insisted that in no event could the trustee have sold the homestead exemptions of respondents because of the limitations contained in section 70 (a) of the Bankruptcy Act, which are in the following language:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment or qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt."

Undoubtedly that portion of the property of the bankrupts contemplated by the homestead provision of the South Carolina statute is exempt from sale. This is expressly made so by the provisions of the Constitution of South Carolina. Article 2, section 32, of the Constitution of 1868, as amended (see 17 St. at Large S. C. p. 320), is in the following language:

"The General Assembly shall enact such laws as will exempt from attachment and sale under any mesne or final process issued from any court to the head of any family residing in this state a homestead in lands, whether held in fee or any lesser estate, not to exceed in value one thousand dollars, with the yearly products thereof; and to every head of a family residing in this state, whether entitled to a homestead exemption in lands or not, personal property not to exceed in value the sum of five hundred dollars. * * *"

The provisions for enforcing the foregoing are contained in section 3711 of the Code of South Carolina; that portion of which is material being as follows:

"A homestead in lands, whether held in fee or any lesser estate, to the value of one thousand dollars, or so much thereof as the property is worth if its value is less than one thousand dollars, with the yearly products thereof, shall be exempt to the head of every family residing in this state from attachment, levy or sale, in mesne or final process issued from any court, upon any judgment obtained upon any right of action arising subsequent to the ratification of the Constitution of the state of South Carolina in 1868. And it shall be the duty of the sheriff or other officer before selling the real estate of any head of a family resident in this state to cause a homestead as above stated to be set off to said person. * * *"

This question was passed upon by the Circuit Court of Appeals for Sixth Circuit in the case of In re Muhlhauser et al., 121 Fed. 669, 57 C. C. A. 423; the first syllabus in that case being as follows:

"Unless there is some special direction in an order for the sale of real estate of a bankrupt, the trustee sells only the interest of the bankrupt therein, and one claiming an interest adverse to the bankrupt, and who is a stranger to the proceedings, is not affected by the sale, and has no interest in the proceeds; nor has the court of bankruptcy, after the property has been sold and conveyed, jurisdiction to adjudicate the rights of such claimant therein."

In the case of Gibbes v. Hunter, 99 S. C. 410, 83 S. E. 606, the Supreme Court of that state in discussing this phase of the question, among other things, said:

"If a claimant had a title in land not exceeding $1,000 in value, was a resident of the state, and the head of a family (and such was Wilson Gibbs' plight in 1898), then a judgment against him would have no lien on that title. The Constitution and statutes so declare. The right of exemption would be a hollow thing if the sheriff could alienate the title before it could be settled down on a particular parcel of ground or the proceeds of it. By parity of reasoning a highwayman might justify his act in taking a traveler, before the traveler could draw in self-defense, and, because the traveler had not drawn his weapon. Gibbs' title was not so segregated as to be marked 'exempted'; but it was so immune from liability as to stay the sheriff's hand from meddling with it. The sheriff, however, in June, 1898, did undertake to sell the undivided title in remainder against the needless protest of Gibbs, the claimant; it was purchased by the judgment creditor, the Bank of Columbia, for $50; and the sheriff executed to the bank a deed therefor. The circuit court rightly held that such sale was unlawful and did not operate to alienate the title of Gibbs."

By virtue of the statute of South Carolina the bankrupts were entitled to an exemption, and therefore, in the absence of a waiver on their part, the trustee had no title to such exemption, and, of course, could not convey property which he was not authorized in the first instance to sell. The order to sell restricted him to "all the right, title, and interest of the bankrupts' estate," and it was so stated in the advertisement. Such being the case, it necessarily follows that the purchaser acquired only such interest in this property as the trustee had title thereto. The homesteads remain undisturbed, and the title of the bankrupts as such is as perfect as it would have been, had there been no sale of the property.

For the reasons stated, the decree of the lower court is reversed.