In re CARL.

No. 1926.

District Court, W. D. Arkansas, Fort Smith Division.

April 16, 1941.

John Mayes, of Fayetteville, Ark., for bankrupt.

James R. Hale, of Prairie Grove, Ark., for trustee.

JOHN E. MILLER, District Judge.

(1) Bankrupt filed her petition April 5, 1940, at 8 A. M.

She listed one claim, being balance due on judgment in favor of Farmers & Merchants Bank of Prairie Grove, Arkansas, hereinafter called the bank, rendered by the Washington Chancery Court on May 13, 1932, against bankrupt and her husband, C. A. Carl.

Bankrupt listed no assets in her schedule, and the only claim listed was the one due the bank.

(2) Bankrupt is the sole heir at law of John Lewis Robbins, who departed this life on April 6, 1940, the day following the filing of petition in bankruptcy by the bankrupt.

(3) On April 19, 1940, the bankrupt filed an amendment to Schedule B-1 in which she stated that since she had filed her petition and original schedules that she had become the owner in fee simple, by inheritance from Robbins, of certain lands, which for this purpose I shall designate as tracts No. 1 and 2. Tract No. 1 being 104½ acres in Section 16, Township 14 North of Range 31 W, in Washington County. Tract No. 2 being the other land described by bankrupt.

On the same date bankrupt filed a claim for homestead exemption, claiming tract No. 1 as her homestead and alleged that she was living thereon as her home.

(4) On April 6, 1940, the bankrupt had taken possession of tract No. 1 and was living thereon, but the proof does not show when she established her home thereon.

(5) The adjudication of bankruptcy was on the date of filing the petition, April 5, 1940.

(6) The bank filed proof of its claim on April 19, 1940.

(7) On July 2, 1940, the referee in bankruptcy made an order denying the claim for homestead exemption, and held that all of the lands in tracts Nos. 1 and 2 were assets of the bankrupt's estate for the benefit of creditors. The bankrupt duly prayed for a review of this order by the Judge of this court, and the referee granted the request for a review.

(8) On July 29, 1940, the trustee filed his petition for authority to sell both tracts of land, and on the same date order authorizing the trustee to sell said lands was made by the referee. The referee also provided that the lands should be appraised and sold, after advertisement as provided in the order of sale.

(9) On August 8, 1940, the bankrupt filed her petition asking permission to withdraw her claim for homestead exemption, and on the same date the referee denied her motion, on the ground that the claim for exemption had already been denied by the referee on July 2, 1940.

(10) On August 24, 1940, the trustee filed report of sale of both tracts of land. The sale being made to the bank for the total sum of $1,900.

(11) On September 6, 1940, the report and sale was confirmed by the referee.

(12) On September 6, 1940, the bank filed its petition in which it alleged that the bankrupt had on August 16, 1940, filed a petition in the Washington Chancery Court seeking a decree from that court declaring the lands mentioned in the bankrupt's amended schedule to be her homestead and exempt from execution or other legal process.

On the same date the referee entered an order restraining the bankrupt, her agents and attorneys from prosecuting or attempting to prosecute the suit in the Washing-

ton Chancery Court or any other court for the purpose of interfering or attempting to interfere with the rights of the bank as found and declared by the referee in bankruptcy.

(13) On October 21, 1940, the bankrupt filed a disclaimer as to tract No. 2, but reiterated her claim of homestead exemption in and to the land in tract No. 1.

(14) In the motion of the bank filed with the referee on June 14, 1940, in which it moved that the claim of homestead exemption filed by the bankrupt be dismissed, the bank stated: "That the bankrupt herein did not acquire title to the lands described in her claim of homestead exemption until subsequent to the filing of her voluntary petition in bankruptcy; that she could not and did not, under the Arkansas law, impress said land with homestead character until the death of her father, which occurred subsequent to the filing of her said voluntary petition; and that the rights of the said bankrupt were fixed as of the date of filing of her said voluntary petition."

(15) On January 10, 1941, the trustee filed a motion to dismiss the petition for review, alleging that the bankrupt had failed and neglected to file any motion, petition for review or other pleading for the purpose of reversing, vacating or otherwise modifying the various orders made by the referee concerning the claim for homestead and the sale of the lands and subsequent confirmation of the same.

The trustee further alleged in said motion that the bankrupt had wholly and completely failed to comply with the law in prosecuting her claim for homestead exemption and review.

However, on this day counsel for the trustee asked permission to withdraw the motion and leave was granted as asked.

(16) The claim for the allowance of the homestead exemption was submitted to the referee upon the various pleadings hereinbefore mentioned, and a stipulation signed by respective counsel for the bankrupt and for the trustee. In that stipulation, paragraph 6, counsel stated: "That from said order by said referee denying said claim of homestead exemption and from the order by the said referee ordering the said lands sold and confirming the sale thereof the said bankrupt prayed an appeal on the 6th day of September, 1940, and that said appeal was on said 6th day of September, 1940, granted by said referee."

(17) General Order No. 47 in Bankruptcy, 11 U.S.C.A. following section 53, provides: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

In the certificate of the referee certifying the questions to this court, it is stated: "I further certify that the said bankrupt took her exceptions of each of the said orders and prayed the review of each to the District Judge, and that the trustee in open court waived the necessity of the bankrupt filing a formal petition of review and both the bankrupt and trustee have agreed that said orders may be reviewed by the District Judge on this transcript and on said stipulation incorporated therein as a statement of facts which is in lieu of the oral testimony adduced at the hearing herein and I herewith forward this transcript to the Clerk of the Court that the same may be reviewed thereby."

I shall, therefore, treat the entire case as being properly before the court.

■ The right of the bankrupt to claim the land as exempt and as her homestead is to be determined by the laws of Arkansas. 11 U.S.C.A. § 24. In re Miller, 8 Cir., 74 F.2d 86.

In Section 110 of Title 11 U.S.C.A., which is a part of the Chandler Bankruptcy Act, it is provided: "All property which vests in the bankrupt within six months after bankruptcy by bequest, devise, or inheritance shall vest in the trustee and his successor and successors, if any, upon his or their appointment and qualification, as of the date when it vested in the bankrupt, and shall be free and discharged from any transfer made or suffered by the bankrupt after bankruptcy."

It is further provided in subsection c of the said section 110 as follows: "The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actu-

ally exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists."

See, also, Corpus Juris Secundum, Vol. 8, Bankruptcy § 200, page 669.

 The title to the land involved would have vested in the bankrupt upon the death of her father, April 6, 1940, but for her adjudication as a bankrupt, and by virtue of the said adjudication of bankruptcy the title was instantly transferred to and vested in the trustee. The trustee only acquired such title as the bankrupt would have acquired had the bankruptcy proceedings not been pending. In addition to acquiring the bankrupt's right in the property, the trustee was vested with all the rights, remedies and powers of a creditor of the bankrupt, and had the power to assert such rights as the creditors or creditor would have had.

In 8 Corpus Juris Secundum, Bankruptcy § 199, page 668, it is stated: "The Bankruptcy Act can give the trustee no greater rights than he would have under state law. The provision vesting the trustee with the rights of a lien or execution creditor was not intended as an extension of the operation of the registration laws of a state beyond the effect given to them in that state, and the rights of a trustee under the provision are controlled by the state law which defines the rights of an execution or judgment creditor."

Section 3 of Article 9 of the Constitution of Arkansas provides: "The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an expressed trust for moneys due from them in their fiduciary capacity."

In Gibson v. Barrett, 75 Ark. 205, 87 S. W. 435, the court said: "The wife is entitled to hold her lands as a homestead, when they are occupied by her and her husband as such."

The stipulation filed by counsel for the bankrupt and the trustee herein provides: "That the said bankrupt was on and prior to the 6th day of April 1940, a resident of Washington County, Arkansas, and had, prior to the 6th day of April, 1940, moved into and upon and taken possession of the residence situated on the lands described in said claim of exemption in schedule No. B-5, and claimed the same as her homestead and she owns no other real estate."

Reference to schedule B-5, filed on April 19, 1940, discloses that the bankrupt claimed tract No. 1 as her homestead.

Section 7182 of Pope's Digest of the Statutes of Arkansas provides: "A debtor's right of homestead shall not be lost or forfeited by his omission to select and claim it as exempt before the sale thereof on execution, nor by his failure to file a description or schedule of the same in the recorder's or clerk's office; but he may select and claim his homestead after or before its sale on execution, and may set up his right of homestead when suit is brought against him for possession."

 The bankrupt cannot be denied her constitutional right to a homestead, unless waived in a manner recognized by law. Here there was no waiver of this right on the part of the bankrupt. She asserted her homestead right within due time, and it was the duty of the trustee to recognize this constitutional right of the bankrupt. There is no question raised as to the value or extent of the land claimed as exempt. In fact, the record affirmatively discloses that the tract claimed does not exceed 160 acres and does not exceed in value the sum of $2,500.

The trustee acquired no title to tract No. 1, because that tract was exempt from the claims of creditors as the homestead of the bankrupt.

In Steele et al. v. Buel et al., 8 Cir., 104 F. 968, 971, Judge Caldwell in discussing the title acquired by a trustee to the bankrupt's property, said: "The only right or title the trustee has to any of the bankrupt's property is acquired under this section. It vests the title of the property in the trustee, 'except in so far as it is to property which is exempt.' How is it to be known what 'is exempt'? There is but one source of information on that subject, and that is the state law adopted by section 6, and the legal effect of this exception is precisely the same as if it read,

'except property which is exempt under the state law.'"

In this connection it should be remembered that the present Bankruptcy Act, known as the Chandler Act, approved June 22, 1938, 52 Stat. 840, specifically provides that it "shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition." 11 U.S.C.A. § 24.

. ▆▆▆ It was the policy of the Congress in the enactment of the various Bankruptcy Acts to recognize and give effect to the State exemption laws, and the rights of a bankrupt to exemption under the State laws must be recognized.

In Re Buckley, D.C.La., 24 F.Supp. 832, 834, the court said: "The title to the property exempt under the laws of the State does not pass to the trustee, and it is his duty, when claimed, to set it aside as such when it becomes clear that the bankrupt is a person entitled to claim it, as here, and the fair value of the property does not exceed the amount allowed by the State law. The bankruptcy court has jurisdiction only for the purpose of determining these matters and cannot require its sale, even on the petition of creditors holding a waiver, or otherwise entitled to compel the application of the exempt property to the satisfaction of their claims. Ingram v. Wilson, 8 Cir., 125 F. 913; Norwood v. Watson, 4 Cir., 242 F. 885; Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; In re Nixon [D.C.] 34 F.2d 667, 668; In re Cale, 8 Cir., 191 F. 31; Huntington v. Baskerville, 8 Cir., 192 F. 813; In re Remmerde et ux., D.C., 206 F. 822; In re Hartzell, 8 Cir., 209 F. 775, 776; In re Vonhee, D.C., 238 F. 422, 423; Clark v. Nirenbaum, 5 Cir., 8 F.2d 451; In re Rabb, D.C., 21 F.2d 254, and Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816."

The report of the referee is rejected in so far as the sale of the land hereinbefore described as tract No. 1 is concerned, and as to that particular tract the orders of the referee dated July 2, 1940, denying the claim of homestead exemption; dated July 29, 1940, authorizing the trustee to sell tract No. 1; dated September 6, 1940, confirming the sale of tract No. 1 and dated September 6, 1940 in which the bankrupt, her agents and attorneys were restrained and enjoined from interfering with or attempting to interfere with the rights of the creditor bank; and the sale of tract No. 1 by trustee to the bank are set aside and the case is recommitted with directions to allow the homestead exemption as claimed by the bankrupt.

An order will be entered according to the above.