VAN PELT *v.* JOHNSON.

5-127                                   259 S. W. 2d 519

Opinion delivered July 6, 1953.

*John D. Eldridge, Jr.,* for appellant.

*Henry & Long,* for appellee.

ROBINSON, Justice. The alleged abandonment of a homestead by a widow is the issue. Louis Clark was married twice and had children by each marriage. Those by the first wife filed this suit claiming the second wife, the widow of Clark, had abandoned the homestead; and also alleged the widow is liable for the rents and profits she has made and collected since such alleged abandonment. All the children of Clark have reached their majority. The Chancellor held that the widow had not abandoned the homestead.

Clark died intestate in 1926, leaving a widow, minor children, and a homestead consisting of about 20 acres; subsequent to Clark's death Hattie, Clark's widow, lived on the property continuously until 1932 at which time she married one Daniel Rogers. Thereafter she lived on the property at intervals until 1939, when she was divorced from Rogers; and later married Johnson, her present husband. She and Johnson lived on the property until 1944 at which time the dwelling was destroyed by fire. Arson was suspected. For this reason and the further reason that Johnson would have no interest in the Clark homestead in the event of Hattie's death, they acquired a lot as an estate by the entirety across the road from the 20 acres and built a house thereon, where they have since lived.

Hattie has not actually lived in a house on the 20 acres since 1945, but has been in control and possession of the property, paying taxes thereon, and her husband Johnson has farmed it each year.

Art. 9, § 6 of the Constitution of Arkansas provides: "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life; Provided, that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's right to cease at twenty-one years of age—and the shares

to go to the younger children; and then all to go to the widow; and provided that said widow or children may reside on the homestead or not. And in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate." Foregoing quotation is from a microfilm of the original Constitution of 1874; there is a discrepancy in punctuation when compared with the Constitution as set out in Ark. Stat. Vol. 1, page 124.

In *Butler* v. *Butler,* 176 Ark. 126, 2 S. W. 2d 63, the children by his first wife of the owner of the homestead claimed that the second wife, the widow, had abandoned the homestead. The homestead was located in Logan County, and subsequent to the death of Butler the homestead owner, Mrs. Butler, moved to Ft. Smith with her children where she purchased a home. Mr. Justice McHaney said: "Here there are children, and she had no separate homestead in her own right at the time of the death of her husband. In such a case the acquisition of a homestead in her own rgiht, after the death of her husband, does not constitute an abandonment of her husband's homestead so as to deprive her of the rents and profits thereof during her natural life."

Judge McHANEY then quotes from *Colum* v. *Thornton,* 122 Ark. 287, 183 S. W. 205, as follows: "Our Constitution gives a homestead to the widow for life, without any restrictions. It is the settled policy in this State that laws pertaining to the homestead right of the widow and minor children shall be construed liberally in favor of the homestead claimants. . . . Upon the death of her husband, a life estate vests in her in his homestead, and she has the right to lease it and receive the rents from it, subject, of course, to the rights of her minor children to share same with her until each of them arrives at the age of 21 years; and we do not think she forfeits her homestead by a second marriage and removal to the homestead of her second husband."

In the *Colum* case it was further said: "The general rule is that a remarriage by a widow will not operate to destroy the homestead character of a home left

to her and her children by a former husband. Our Constitution does not require a widow to occupy the homestead. There is nothing in it to indicate that the framers intended that the marriage of the widow and her going to her second husband's homestead and occupying it with him should work a forfeiture of her previously existing legal rights. In short, there is nothing in our Constitution to indicate that the right of homestead of a widow should terminate, should she remarry and go to live with her husband on his homestead.''

The Constitution specifically provides: ''that said widow or children may reside on the homestead or not.'' Here the widow does not reside on the homestead; she lives on other property in which she owns an interest; but the Constitution permits her to live on other property which she may own without necessarily abandoning the homestead left by her husband. Here the widow has not in any way relinquished control or possession of the property she claims as a homestead, and there is no evidence of abandonment except the fact that she lives on other property in which she owns an interest which is permissible under the Constitution. She can not have two homesteads, *Grimes* v. *Luster*, 73 Ark. 266, 84 S. W. 223; but she has the right of election, *Bank of Hoxie* v. *Graham*, 184 Ark. 1065, 44 S. W. 2d 1099. There is no evidence that she claims as her homestead any property other than the 20 acres involved here. It is true that she testified on cross-examination that she and her husband bought the lot across from the 20 acres for the purpose of making their home there, but it is clear from her entire testimony that she used the word ''home'' in the sense of living on the lot, and she did not testify that she claimed the house and lot as her homestead.

Affirmed.