CANNON *v.* FERRELL.

5-669                                    278 S. W. 2d 652

Opinion delivered May 9, 1955.

*Frank C. Douglas,* for appellant.

*James M. Gardner,* for appellee.

ROBINSON, J.   The point involved here is whether a widow may, for the first time since the death of her husband thirteen years ago, claim as a homestead property on which neither she nor her husband was living at the time of his death, with the evidence leading to the conclusion that she had previously elected to take other property as her homestead.

Mr. and Mrs. W. E. Cannon were married in 1932 and moved to his home on a forty acre farm, which is now the subject of this litigation.   Subsequently, Cannon's health failed and he was unable to carry on the farming operation.   Mrs. Cannon bought a one acre plot of ground; they moved to it in 1936 and rented their farm.   In 1941, Mr. Cannon died.   Through the initiative of Mrs. Cannon, an administrator was appointed. No claim was made at that time that the forty acres constituted a homestead.

The administrator collected the rent each year and paid Mrs. Cannon one-third of the money, with the balance, less expenses, going to the children of Mr. Cannon by a former marriage.   The administration was closed in 1952, but the person who had acted as administrator continued to collect the rent as agent of the parties.   In 1954, he came to the conclusion that the rented farm property had been Cannon's homestead, and that Mrs. Cannon was entitled to all of the rent.   He therefore

refused to pay any of the 1954 rent to the heirs of Cannon, and they subsequently filed this suit alleging that they were entitled to their two-thirds share. Mrs. Cannon answered and claimed the property as a homestead. The Chancellor held that her claim was barred at that late date, and she has appealed.

Assuming that the property did constitute Cannon's homestead, even though he was not actually living on it at the time of his death, and further that Mrs. Cannon could have claimed the property as a homestead immediately following his death, still we do not reach the conclusion that, under the circumstances existing here, she can claim the property as a homestead thirteen years after the death of her husband.

At the time of Cannon's death, he and his wife were living on her property which she could also claim as a homestead. *Gibson* v. *Barrett,* 75 Ark. 205, 87 S. W. 435. She continued to live there for thirteen years without making a claim of any other place as her homestead. She cannot have two homesteads. *Grimes* v. *Luster,* 73 Ark. 266, 84 S. W. 223, 108 Am. St. Rep. 34; *Van Pelt* v. *Johnson,* 222 Ark. 398, 259 S. W. 2d 519. She may, however, make an election as to the place she will claim as a homestead. *Bank of Hoxie* v. *Graham,* 184 Ark. 1065, 44 S. W. 2d 1099. By continuing to live on her own property for thirteen years without claiming any other property as a homestead, it appears that long ago she selected as her homestead the property where she has lived for so many years.

Affirmed.

SEAMSTER, C. J., not participating.