## In re MUHLHAUSER et al.

(Circuit Court of Appeals, Sixth Circuit. March 18, 1903.)

No. 1,129.

**1. BANKRUPTCY—SALE OF PROPERTY BY TRUSTEE—JURISDICTION OF COURT.**

Unless there is some special direction in an order for the sale of real estate of a bankrupt, the trustee sells only the interest of the bankrupt therein, and one claiming an interest adverse to the bankrupt, and who is a stranger to the proceedings, is not affected by the sale, and has no interest in the proceeds; nor has the court of bankruptcy, after the property has been sold and conveyed, jurisdiction to adjudicate the rights of such claimant therein.

**2. SAME.**

A bankrupt corporation owned a manufacturing plant, which was subject to a mortgage and other liens. After an adjudication of the liens and priorities, the property was sold by order of the court, and conveyed to the purchaser. Subsequently the minor children and beneficiaries

under the will of a former part owner of the property asked leave to file a petition in the bankruptcy court, in which they set up their father's ownership of an undivided interest in the property, and that it had been conveyed to the corporation by the executrix, without any order of the probate court, in exchange for stock in the corporation; that petitioners had received nothing from the sale; that the corporation held the property in trust to the extent of their interest therein. The petition prayed that the sale made by the trustee and the adjudication of liens be set aside, and such orders entered as would protect petitioners' interests. *Held,* that the petition stated no ground for setting aside the sale, which could not affect the rights of petitioners, who were not parties to the proceeding, and that leave to file the petition was properly refused on the ground that it presented issues which the court was without jurisdiction to determine, but which could only be determined by a court of equity in a plenary suit to which the executrix and all persons in interest were parties.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio, in Bankruptcy.

The F. Muhlhauser Company, an Ohio corporation engaged in the manufacture of shoddy and other wool products at Cleveland, on February 4, 1902, filed an assignment for the benefit of its creditors in the insolvency court for the county of Cuyahoga, and immediately thereafter some of its creditors presented to the District Court for the Northern District of Ohio their petition praying that the said corporation be adjudicated a bankrupt. On the 6th of that month, the F. Muhlhauser Company consenting thereto, the adjudication was made. E. L. Hessenmueller was chosen trustee, qualified as such, and took possession of the assets of the bankrupt, consisting of certain real estate there situated on some of which its factories were built, machinery, and other personal property. A part of this property, which was appraised at the sum of $221,390.60, was mortgaged to the City Trust Company to secure bonds for money loaned. The trustee filed a petition for leave to sell this portion of the assets. The trust company answered, and filed a cross-petition setting up the mortgage, and claiming certain expenses by way of insurance and other charges incident to the trust, in all, including the mortgage debt and expenses, etc., amounting to $140,000. Other creditors filed answers and cross-petitions claiming liens on the same property. The referee, upon the hearing, found in favor of the lien claimed by the City Trust Company and certain other claimed liens, and fixed the order of their priority. The property was ordered to be sold. It was bid in by one Stecher, as trustee for the City Trust Company, and the Pearl Street Savings & Loan Company, two of the creditors. The sale was confirmed by the court, and a deed was ordered to be made to Stecher, as trustee, by the trustee in bankruptcy, and this was done, and the price paid to the trustee. Some time after this, these petitioners, without leave of the court, filed an intervening petition, the nature of which is not shown by the record, and which was subsequently withdrawn. Further reference to it is therefore unnecessary. Later on, the petitioners filed a motion for leave to file the petition over which the present controversy arose.

This is the petition of Adolph Muhlhauser, Benjamin Muhlhauser, Frank Muhlhauser, and Hilda Muhlhauser, minors, by Sophie Muhlhauser, their next friend, claiming as heirs and beneficiaries under the will of Frederick Muhlhauser, deceased. It sets forth that the land, buildings, structures, and mill plant, which constituted that part of the property sold by the trustee in bankruptcy as above stated, were previously owned and occupied by Frederick Muhlhauser, Julius Scheldt, and Edward Hessenmueller, each owning one-third part, who were operating the plant, as partners, under the name of F. Muhlhauser & Co.; that Hessenmueller died, and his executor conveyed his interest to Frederick Muhlhauser and Scheldt, and on the next day—February 14, 1885—those grantees deeded the property by quitclaim to F. Muhlhauser & Co., a partnership consisting of the same persons as the grantors in that deed; that thereafter one Schwab acquired one-half of

Scheldt's interest, but no deed was made to him; that the remainder of Scheldt's interest was afterwards acquired by Muhlhauser and Schwab, whereupon the former became vested with a five-eighths and the latter with a three-eighths interest in the property, and they continued the partnership business until Muhlhauser died; that by his will, after making certain bequests, he devised and bequeathed the residue of his estate to his eight children, of whom the petitioners are the four youngest, and, after authorizing the continuance of the partnership for five years, appointed Schwab and the widow, Antoinette Muhlhauser, executors, excusing them from filing bond or inventory; that those persons took out letters, but, Schwab soon after resigning, the widow continued sole executrix; that she, as executrix, and Schwab continued the partnership business until some time in 1894, when they and the four adult children organized a corporation under the name of the F. Muhlhauser Company, with an authorized capital of $600,000, to which the executrix, in her special and her individual capacity, and Schwab, made a deed of warranty of all said property; that, in consideration of the five-eighths interest in the Muhlhauser estate, the executrix took $154,000 of the capital stock to herself individually, which she claimed was due her in respect of a legacy to her of $100,000 under the will, and an allowance of $20,000 for the support of herself and her children, and also took to herself, as executrix, $212,000 of said capital stock, which she still holds, and that the interest of the Muhlhauser estate conveyed to the company was then worth $393,403.25, which was the sum agreed to be paid for it; that, at the time the sale was made, one Selig was appointed by the probate court "guardian of the estate of the petitioners," but that he received nothing in their behalf; that the executrix presented no petition to the probate court for leave to sell, but claimed authority under the will; that she reported the sale to that court as made for cash, and the sale was immediately confirmed, without notice to the petitioners; and that the executrix is not financially responsible.

And it is thereupon claimed that, whatever rights said corporation ever acquired in said property, it held as trustee for these petitioners to the extent of their interests. Their petition further alleges that the City Trust Company and the Pearl Street Savings & Loan Company had notice of the equities of the petitioners in the property on which they took their liens, and that Stecher had such notice when he bid it in for those companies and paid the purchase price therefor; and further, that there was a valuable good will incident to the property, of which that sold was part, and other advantages peculiar thereto, which were of the value of $100,000, which were not included in the sale, and which are of no value detached from the property sold. The prayer is that Stecher, trustee, the City Trust Company, and the Savings & Loan Company be notified and required to answer, and that the sale to them and the confirmation thereof, as well as the findings of the referee in regard to the liens of said last-named companies, may be set aside, and all such judgments and orders be entered as are necessary to protect the interests of the petitioners.

On being notified, the City Trust Company appeared before the referee and objected to the granting leave to file the petition, for the following reasons:

"First. Said petitioners are not proper parties to this proceeding, inasmuch as they claim adversely to the F. Muhlhauser Company, the bankrupt herein, and the sale made was a sale only of the interests of the F. Muhlhauser corporation in the property sold, whether that interest was much or little, legal or equitable; and the money paid for said property was paid only for such interest, and is the proceeds only of such interest, and is distributable only among persons who are creditors of said corporation.

"Second. Because this court has not jurisdiction to entertain the application: (a) Having no jurisdiction in this proceeding to determine the questions as between the bankrupt and adverse claimants of the property. (b) Because the application confounds the boundaries of the equitable and bankruptcy jurisdictions. (c) Because this court cannot exercise jurisdiction, there not being involved any federal question, nor any question under the bankruptcy law, nor is the residence of the parties such as to give a federal court

jurisdiction. (d) Because the bankruptcy court has not jurisdiction over the persons sought to be brought in, and cannot decide controversies which may exist between them and said petitioners.

"Third. Because said petition discloses upon its face no controversies between the petitioners and said bankrupt, and the creditors of said bankrupt and the persons sought to be brought in, cognizable either in the court of bankruptcy or in any other federal court."

The referee made an order granting the leave prayed. The order was carried by the City Trust Company before the district judge for review, and was by him reversed. Thereupon the petitioners have brought the matter here for a review of the order made by the District Court under the direction of the judge.

C. S. Bentley, for petitioners.
John G. White, for respondents.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, after making the preceding statement, delivered the opinion of the court.

We think the position taken by the learned counsel for the petitioners is quite correct to the extent that it is claimed that, if the proposed petition presents a matter properly cognizable by the bankruptcy court, the orderly course would have been to allow it to be filed, leaving the final adjudication upon its merits to be settled upon full inquiry; with this reservation, however, that, if the case as made by the petition is manifestly frivolous or wanting all color of claim for the relief sought, the court might properly decline to entertain an idle controversy, such as the case supposed would be. We do not, however, think it indispensably necessary to express a definite opinion upon the question whether this petition, properly construed, is of the character last mentioned, because we agree that the order of the District Court was right, for the reason the petition presented issues and sought relief beyond the proper jurisdiction of the bankruptcy court; although we incline to the view that no ground for any relief within the power of the court is shown. The controversy proposed to be brought on was one peculiarly the subject of the jurisdiction of a court of equity, where all the parties interested might be brought in, and the whole subject determined upon plenary procedure. The petitioners were strangers to the proceedings, and other necessary parties, notably the executrix of Frederick Muhlhauser's will, were not present, nor could they then properly be brought in to litigate, with other strangers, questions of general equity in the District Court. The primary function of that court, when sitting in bankruptcy, is that of administration. It takes possession of the bankrupt's assets for that purpose. Of necessity, it must have and exercise such incidental jurisdiction as pertains to a court which takes exclusive possession and control of property. We do not need to define the extent of its powers while it retains the property under its dominion. It is quite clear that they do not follow it after it has been released and passed into the hands of purchasers, and extend to the settlement of the equities which may be claimed in the property by other parties. It is possible that before the sale the court had power, upon application, to settle the rights of parties, and make a special order that the whole title be sold and the

proceeds distributed according to its determination of their interests, or that it be sold and the controversy postponed to the distribution of the fund. Whether that could have been done, or would have been expedient, we do not say. Such practice would seem to be of doubtful propriety where such rights are disputed and their determination would involve a controversy productive of delay in the bankruptcy proceedings. But the rights of purchasers have now become fixed, and such a course is impracticable.

Unless there is some special direction in the order of sale, the trustee in bankruptcy sells, and the purchaser acquires, no other or greater rights in the property than the bankrupt had, except those rights of the bankrupt which are dominated by those of the creditors arising from a disposition of his property forbidden to the bankrupt— an exception not here involved. And it is not claimed that there was any special direction here, or that the court had acquired any authority to order a sale which would divest the interest of the petitioners. Such rights and interests as the bankrupt had, the court had lawful authority to sell. Such rights as these petitioners may have had in the property sold, remain to them, and can be asserted against the purchaser after the sale as effectually as they could have been before the bankruptcy against the bankrupt. The purchaser is subject to the rule of caveat emptor. Moreover, it is alleged in the petition that in this case the purchaser bought with full notice of the equities of the petitioners.

Undoubtedly, upon the facts alleged, the bankrupt had some interest in the property sold which it was proper to sell, and the creditors had the right to the proceeds. Only that was sold. The petitioners are not, as we understand, seeking to establish a claim as general creditors of the estate, but to pursue the property in specie, and assert a right therein superior to the rights of creditors. The relief they demand is that the decision of the referee that the property was subject to the liens claimed, and fixing the order of priority, should be vacated, a determination which did not affect them, for they were not parties and had not been notified; and that the sale should be set aside, or, as suggested on the argument, if that is not granted, then, under the prayer for general relief, that the proceeds of the property should be distributed to them in proportion to their interest. But if they had an interest, it was not sold, the order of sale not including it; and they would have no right to share in the proceeds.

Nor were the petitioners in position to prove as general creditors. They disaffirm the sale of the property by the executrix, and allege that, because of its invalidity, their rights in it were not divested. If that be so, they did not become creditors for its value. But we need not pursue that subject, for, as we have said, we think the petition must be construed as seeking to protect their specific interests in the property as they would stand if not affected by the sale of the executrix.

We are of opinion, therefore, that the petition was properly rejected, for the reasons that the controversy evidently proposed by it was one of which the District Court could not properly take jurisdiction, and that, upon any construction which might be put upon it, it clearly did

not present a case which would entitle the petitioner to the relief prayed, nor to any relief of like character which a bankruptcy court could award.

The order of the District Court must therefore be affirmed.

Note. Judge DAY participated in the decision of this case, although not now a member of the court.