GEORGE H. CARNEY et al. *vs.* ALBERT G. AVERILL.

Penobscot.   Opinion December 27, 1912.

*Assumpsit.   Bankruptcy.   Caveat Emptor.   Consideration.   Exceptions.*
*Foreclosure.    Mortgage.    Peaceably and  Openly.    Personal*
*Property.  Possession.  Receipt.  Sale.  Trustee.  Warranty.*

An action to recover forty dollars paid by plaintiff to the defendant for the
stumpage of hay sold in July, 1910.  The defendant was trustee in bank-
ruptcy of the estate of Clarence Scott, consisting of a farm situate in
Greenbush, which was mortgaged to W. S. Marshall.  Clarence Scott was
adjudicated a bankrupt April 23, 1910, and was then in possession of said
farm.  The defendant as trustee on May 25, 1912, petitioned for leave to
sell the real estate and personal property, which was granted July 8th, and
thereupon the defendant took possession of the real and personal property,
and appointed an agent to care for it.  On the 10th day of July, 1910,
trustee sold the stumpage of hay on the Scott farm, so called, to plaintiffs
for forty dollars.  The plaintiffs undertook to cut the hay, but were for-
bidden by the mortgagee.  On July 8, 1910, the mortgagee attempted to
foreclose by taking peaceable possession and immediately sold the grass,
but it was not harvested.  The defendant contends that he sold the hay to
plaintiffs in his official capacity and placed the proceeds in the depository
of the court, and that the plaintiffs knew this.  The receipt and warranty
of the defendant to plaintiff were admitted against defendant's objection.

*Held:* 1.  That this evidence was admissible.  They were original documents,
executed by the defendant in the transaction in question and under well
known rules clearly competent, and no reason appears why the information
they contain should be withheld from the court.

2.  The bankrupt was in possession of the farm at the date of adjudication
of bankruptcy and whatever interest he had in the real and personal estate,
including the growing crops, passed to and vested immediately in the
trustee.

3.  The defendant had authority to sell such rights and interests as the bank-
rupt had.  He was acting under an order to sell issued by the court of
which he was an officer and the sale was therefore a judicial sale.

4.  The rule of caveat emptor prevails in bankruptcy sales unless special
direction otherwise is made in the order of sale.

5.  An entry for the purpose of foreclosing a mortgage to be effectual, if
not by consent in writing of the mortgagor or person holding under him,
must not only be open, peaceable and unopposed, but followed up by the
certificate and record required by the statute, or otherwise it becomes a
nullity.

On exceptions by defendant. Sustained.

This is an action of assumpsit to recover the sum of forty dollars paid by the plaintiffs to the defendant for the stumpage of hay sold in July, 1910. The defendant was trustee in bankruptcy of the estate of Clarence Scott, which consisted of a farm situate in the town of Greenbush, and also certain personal property. This farm was mortgaged to W. S. Marshall for $400. Scott was adjudicated a bankrupt April 23, 1910, and was then in possession of the farm. The defendant qualified as trustee, and on June 6, 1910 was granted leave to sell the said farm and personal property. June 8, 1910, defendant took possession of the real and personal property, and on July 10, 1910, sold, as trustee, the standing grass on said premises to the plaintiffs for forty dollars. When the plaintiffs undertook to cut said grass, the mortgagee forbade them, and this action for money had and received was commenced. Plea, general issue with brief statement; viz., that whatever he did in the premises, he did in the capacity of, and by force and virtue of, his appointment and qualification as trustee in bankruptcy of the estate of Clarence Scott.

The case is stated in the opinion.

*P. H. Gillin,* for plaintiff.

*A. G. Averill, and F. W. Knowlton,* for defendant.

SITTING: WHITEHOUSE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON, JJ

HANSON, J.    This is an action of assumpsit to recover forty dollars paid by plaintiffs to the defendant for the stumpage of hay sold in July, 1910. There are two counts in the writ, one upon a special warranty, the other for money had and received.

The defendant was trustee in bankruptcy of the estate of Clarence Scott, which consisted of a farm of about two hundred acres located in the town of Greenbush, and also certain machinery and farming implements.

The property was mortgaged to W. S. Marshall for $400, and he was assignee of two other mortgages, all amounting to $1650.

Clarence Scott was adjudicated a bankrupt on April 23, 1910, and was then in possession of the farm. The defendant qualified as trustee on May 19, and on May 25th filed a petition for leave to sell

real and personal property, which petition was granted on June 6. On July 8, the defendant took possession of the real and personal property, and appointed an agent to hold possession, and care for the property. On July 10, the defendant as trustee sold to the plaintiffs the standing grass on the premises, and gave them a bill of sale and receipt for the purchase price thereof, as follows:

"Greenbush, Me., July 10, 1910.

Sold this day stumpage of hay on Scott farm so-called in town of Greenbush for consideration of forty ($40) dollars to be paid within five days.

G. A. Carney and B. R. Wheeler.

A. G. Averill, Trustee.

Received payment in full of above.

A. G. Averill, Trustee."

The plaintiffs undertook to cut the grass, but "got a letter from Mr. Fletcher (atty. for the mortgagee) forbidding us on the place; said he would hold us for damages." They notified the defendant by telephone, and he thereupon sent the plaintiffs a writing, dated July 14, 1910, which reads as follows:

"Old Town, Me., July 14, 1910.

To George Carney & B. R. Wheeler,

Greenbush, Me.

Gentlemen:

This is to certify that I, Albert G. Averill, Trustee of Clarence Scott Estate, Bankrupt, have sold the stumpage of the hay on the Scott farm in Greenbush, and that as said Trustee I had the title to same in me, and I did and hereby do give good title to said Carney & Wheeler and will warrant and defend the same to them and will stand by them otherwise in this regard.

Yours very truly,

Albert G. Averill, Trustee.

P. S. Get the hay as soon as possible as we talked, and it would be a great favor to me if you didn't show this paper to Scott's attorney and his friends. If you have the least doubt of my ability to sell you the hay and give you a good title go to *your own* attorney. This other crowd are only trying to bluff and to bother me.

A. G. A."

The plaintiffs, however, did not cut the grass, but commenced this action against the defendant as an individual. The defendant pleaded the general issue, with a brief statement that "whatever he did in the premises, he did in the capacity of, and by force and virtue of his appointment and qualification as Trustee in Bankruptcy of the estate of Clarence Scott." At the close of the evidence, the presiding Justice ordered a verdict for $40. The case comes to this court on exceptions. The plaintiffs claim that after the defendant took possession of the farm,—but on the same day, W. S. Marshall, the mortgagee, "went to the farm for the purpose of taking possession to secure the hay crop;"—that he found the agents of the defendant in possession, and gave them notice to quit; and that he returned on the following day and left a notice which reads as follows:

"Greenbush, July 8, 1910.

To whom it may concern:

This is to certify that I, Willie S. Marshall, in the presence of Mr. and Mrs. George Spencer and the undersigned, have this day taken peaceable possession of the so called Scott farm property, both personal and real. By right of mortgagee.

Willie S. Marshall.

Witnesses
   Alfred Folsom,
   Maude M. Folsom."

Immediately thereafter he sold the grass to one Alfred Folsom. It appears that before July 14, conferences were held in which all the parties interested took part, and the advice of the Referee in Bankruptcy was sought. It further appears that through fear of litigation on the part of the plaintiffs, and because the "amount was so small the mortgagee did not care to bother with it," the grass was not harvested. The mortgagee returned the purchase price to Mr. Folsom, and later foreclosed his mortgages by publication.

The plaintiffs contend that the mortgagee had the right to take possession of the farm as against the trustee at any time before the grass was cut, and that the license to sell under which the defendant was acting, conferred no authority that the mortgagee was bound to respect "when the mortgagee took possession for the purpose of harvesting the hay, and kept such possession."

The defendant contends that he sold the hay to the plaintiffs in his official capacity; that the proceeds were placed in the depository of the court and he paid out the same by order of court. It further appears that the plaintiffs knew that defendant was acting in his official capacity only, and nothing was paid by them as consideration for the warranty, so called.

The receipt and warranty were admitted against the objection of the defendant, and are the subjects of the first and second exceptions. Objection to their admission was made, 1, because each was signed by the defendant in his official capacity, while the action was brought against him as an individual, and 2, because the warranty which was signed four days later than the receipt was without consideration.

We think the evidence was admissible. They were original documents, executed by the defendant in the transaction in question, and under well known rules clearly competent. No reason appears why the information they contain should be withheld from the court.

Several of the remaining exceptions relate to one question,—that of jurisdiction, and may be considered together. The bankrupt was in possession of the farm at the date of adjudication. Being in possession, whatever interest he had in the real and personal estate, including the growing crops, passed to and vested immediately in the trustee. *Crosby* v. *Spear,* 98 Me., 544; Jones on Mortgages, Vol. 2, Sec. 1231.

It is admitted that the defendant was acting under an order to sell issued by the court of which he was an officer. The sale was therefore a judicial sale. In re Maloney, A. B. R., 502; *Savings Bank* v. *Alden,* 103 Me., 237.

The defendant had authority to sell such rights and interests as the bankrupt had. He could sell no more. The plaintiffs having knowledge of all the facts could not expect to receive a greater interest than that conveyed by the sale on July 10th. *Roberts* v. *W. H. Hughes Co.,* 83 Atlantic Reporter, 807, Supreme Court, Vermont, June, 1912.

The rule of caveat emptor prevails in bankruptcy sales as in all judicial sales unless special direction otherwise is made in the order of sale. A. B. R., Vol. 10, page 240; *Baker* v. *Vining,* 30 Me., 121.

The warranty of title, so called, was not a special warranty in which the defendant assumed individual liability, inasmuch as the document contains no promise or undertaking imposing such liability. Like the receipt, it was signed by the defendant in his official capacity, and having been so executed four days later than the original sale without any further consideration, no personal liability is imposed on the defendant. 34 Cyc., 408; *White* v. *Oakes,* 88 Maine, 367; *Brown* v. *Lyford,* 103 Maine, 362.

A Trustee in Bankruptcy is an officer of the court, and cannot be subjected to suits of this character without leave of the Bankruptcy Court. 34 Cyc., 411; same, 167; Jones on Mortgages, Vol. 2, Section 1231. It is so held even when the action is brought upon a paramount title. 34 Cyc., 411.

It is manifest that the entry made by the mortgagee was for the purpose of foreclosure. The character of the notice indicates the purpose and intention of the mortgagee to foreclose his mortgages by taking possession, "peaceably and openly, if not opposed, in the presence of two witnesses," and this is corroborated by the testimony of Caroline Spencer, who states: "He told me he came there to take possession of the farm and what there was on it, under a foreclosure." The mortgagee acquired no rights by such entry. His attitude thereafter negatives the claim that he entered "for the purpose of taking possession to secure the hay crop," and constitutes an abandonment of whatever intention he may have had with respect to the crops, or purpose to foreclose his mortgage.

In *Potter* v. *Small,* 47 Maine, 293, the facts are nearly identical, and the legal principles involved are the same. There the court *held:* "But such an entry must be accompanied with evidence of the intention for which it is made. The declarations of the party making the entry, being part of the res gestæ, are usually this evidence. It was so in this case. It appears that, at the time of making the entry, the plaintiff said 'he had a mortgage on the premises, and that the condition of the mortgage had been broken, and he therefore foreclosed.' This is the only evidence of intention explanatory of the act. It is apparent, therefore, that he had no design to enter for the purpose of taking the rents and profits, under the second section of the statute. His intention was to foreclose. An

entry for this purpose, to be effectual, if not by consent in writing of the mortgagor, or the person holding under him, must not only be open, peaceable and unopposed, but followed up by the certificate and record required by the statute, or otherwise it becomes a nullity. In this case this was not done. The plaintiff therefore acquired no rights by his entry. To permit him now, after such a failure on his part, to ascribe a new intention to his act, and to set up his entry for a different purpose, would be manifestly unjust. To do so would be, in effect, to cast reproach upon the law."

The defendant as trustee being then in possession, and holding as such all the rights and interests belonging to the bankrupt as of the date of adjudication, had the right, and it was his duty under the order of the court whose agent he was, to sell the crops growing on the farm. The fact that the plaintiffs failed to cut the grass, and in consequence were losers in the transaction, creates no personal liability on the part of the defendant. These exceptions must be sustained. The others need not be considered.

*Exceptions sustained.*

. HALEY, J. concurred in the result.