GAVILÁN, PLAINTIFF AND APPELLANT, v. TORRES, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Guayama in an Action of Debt.

No. 2415.—Decided July 27, 1922.

PLEADING—AMENDED ANSWER—OBJECTION—SURPRISE—APPEAL.—In this case one day before the trial the defendant moved for leave to file an amended answer. When the question was raised at the trial the plaintiff objected without giving his reasons and announced that he was ready to argue the matter. The court admitted the amended answer and allowed the plaintiff time within which to argue the amendment, but the plaintiff did not avail himself of the opportunity. *Held:* That a plea of surprise comes too late when raised for the first time on appeal.

BANKRUPTCY—CAVEAT EMPTOR.—A purchaser at a public sale in bankruptcy proceedings acquires no more title or right than the bankrupt had and should know that nothing was sold but the right of the bankrupt. The rule of *caveat emptor* obtains in sales in bankruptcy proceedings, unless it is otherwise stated in the order of sale.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

*Mr. M. A. Martínez* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from a judgment of dismissal entered after a trial on the merits and based upon facts and conclusions stated by the trial judge as follows:

"This is an ordinary action for the recovery of a sum of money due on a mortgage, which defendant contends was paid. The evidence shows that on Januray 2, 1914, Teodoro Torres Laborda created a voluntary mortgage in favor of A. Gómez & Co. on a property belonging to him in Roble ward of the municipal district of Aibonito for the sum of $775 and interest, of which $475 was payable on certain specific dates. On May 19, 1919, and after the firm of A. Gómez & Co. had been adjudged bankrupt, the said credit, together with other credits due to the extinguished firm, was awarded to Francisco Gavilán. On May 13, 1920, Gavilán notified Teodoro Torres Laborda of the transfer of said mortgage credit. It does not appear from the evidence that the voluntary mortgage was recorded in the registry of property, nor has the transfer in payment or adjudication of such mortgage credit been

so recorded. That prior to the dissolution of the firm of A. Gómez & Co. and before it was adjudged bankrupt, defendant Teodoro Torres Laborda delivered to A. Gómez & Co. thirty-two quintals of tobacco valued at $25 the quintal and ten quintals of 'boliche' worth $10 the quintal, aggregating a value of $900. This amount was received by A. Gómez & Co. in cancellation of the mortgage, but the deed of cancellation was never made. Defendant Teodoro Torres Laborda also proved that he pastured twenty head of cattle belonging to A. Gómez & Co. on his property, subject to an agreed rate of $1 a month per head and that said cattle were grazing on the property of Torres Laborda for nearly two years and six months. Article 152 of the Mortgage Law provides that 'A mortgage credit may be conveyed or assigned to a third person in whole or in part, provided it be effected by means of a public instrument, notice of which is given to the debtor, and that it be recorded in the registry. The debtor shall not be bound by said contract to any further extent than he was by his own. The assignee shall be subrogated to all the rights of the assignor.' Under these provisions it is clear that Torres Laborda was under no greater obligation to the assignee than to the assignor, and the latter could not assign any rights other than those he held against Laborda. Neither the mortgage nor the transfer of the credit was recorded in the registry of property. The assignee in this case has elected the ordinary proceeding of a personal action of debt and not the summary foreclosure proceeding. In this action there is no doubt that the defendant can rely on any defense he may have against Gavilán as the assignee of the rights of A. Gómez & Co. And from his evidence it appears that he paid A. Gómez & Co. an amount sufficient to cancel said indebtedness. The defendant has filed a counterclaim against A. Gómez & Co. for the sum of $525 for the pasturing of the cattle. But A. Gómez & Co. were not made a party to this action and hence no judgment can be rendered against them. The defendant must limit his defense to defeat the personal action of debt brought against him by the plaintiff as assignee of the credit of A. Gómez & Co.''

Error is assigned as follows:

"1. The court erred in admitting, over the objection of the plaintiff, the amended answer herein at the trial.

2. The court erred in not striking the fourth plea from the amended answer.

"3. The court erred in rendering judgment against the plaintiff dismissing the complaint.

"4. The court erred in not admitting the testimony of Benjamín Gómez in connection with the contents of the books of A. Gómez & Co., the whereabouts of which was unknown."

The grounds of the first assignment are:

"1. That the party was negligent in making his motion to amend.

"2. That it was made when the case was ready to be heard on its merits, that is, on the very day on which the evidence was to be submitted.

"3. That this amendment was a surprise to the plaintiff, since it raised new issues and defenses for which the plaintiff was not prepared.

"4. That its admission meant the adjournment of the trial."

None of these reasons seem to have been suggested at the trial.

The plaintiff alleged, among other things:

"Fourth: That the commercial firm of A. Gómez & Co., defendant's creditor, was adjudged bankrupt by the District Court of the United States for Porto Rico in San Juan, and the case was submitted to the referee.—Fifth: That after the legal formalities in said proceeding, all the assets of the said firm of A. Gómez & Co. were transferred under the bankruptcy proceeding to the creditors of the said firm, including the plaintiff herein, who was awarded, together with other property, the whole mortgage credit created by the defendant Teodoro Torres Laborda, which adjudication or award was agreed on at the final meeting of creditors held in the said case in the city of San Juan on April 17th of the current year in settlement of the claim against the bankrupt firm in accordance with a deed of adjudication executed by the trustee in said bankruptcy, Isidoro D. Delgado, before Notary Harry F. Besosa on May 19, 1919.—Sixth: That after the said mortgage credit had been awarded to the plaintiff, he, on various occasions, made demand on the defendant, who was notified of the transfer, but who has refused to pay either the said debt in whole or the interest accruing thereon to the plaintiff or to any person authorized by the latter.

The answer, after a general denial, alleged as new matter:

"That more than three years ago the defendant delivered to. the said firm of A. Gómez & Co. certain lots of leaf tobacco that he had harvested from the rural property described in the complaint, the value of which was greater than the amount alleged to be due from him to the plaintiff, A. Gómez & Co., in discharge of his indebtedness, the said firm having assumed the obligation to execute the necessary deed of acquittance in due course, which it failed to. do because of· the confidential relations existing between the representative of the said firm of A. Gómez & Co, and the defendant Teodoro Torres Laborda, and that subsequently the said representative A. Gómez died without having consummated the said deed of acquittance, which was deferred by mutual agreement of the parties· and the mortgage. extinguished.

The amended answer, before setting up this new matter, says that:—

"The defendant denies the first, second and third allegations of the complaint.—2. He also denies the fourth· allegation of the complaint and, *per contra*, contends that at the time referred to in the alleged bankruptcy proceeding of the firm of A. Gómez & Co., he was a creditor of said firm, but received no notice of the said proceeding and was without official knowledge thereof.—3. He also denies the fifth and sixth allegations of the complaint, alleging, *per contra*, that said adjudication was notified to the defendant long after the filing of the complaint.

The motion for leave to file this amended answer was presented the day before the trial. When taken up on the day of the trial plaintiff· objected, without statement of any reasons, although announcing a readiness to argue the matter. Whereupon the court admitted the amended answer, giving plaintiff five days within which to plead further, if desired. This opportunity was not improved. In the circumstances, the suggestion of surprise, made for the first time on appeal, comes too late.

The fourth averment of the amended answer is identical with the corresponding paragraph of the original answer already quoted. The argument in the brief is as follows:

"The court, in deciding the pending issue, was guided by section

52 of the Code of Civil Procedure. We are of the opinion that this section is not applicable to the present case.

"The translation is defective, for the English text at the end of the paragraph does not say 'negotiable instrument' (*documento negociable*), but 'promissory note' (*pagaré*), or 'bill of exchange' (*letra de cambio*). This section is rather applicable to simple documents executed by parties and not to mortgages.

"We submit that in order to establish a good defense there should be a well grounded statement of the bad faith of assignee in purchasing this credit, so as to be able to enforce against him the defenses that might have been made against A. Gómez & Co. (See Martínez v. García, 18, P. R. R. 708.)

"We do not insist further on this error, since we shall argue the point at greater length when we discuss the untenableness of the judgment both as to its legal grounds and the facts."

For the present it will suffice to say that the burden is upon appellant to establish the soundness of any proposition relied upon for a reversal, and the solitary case referred to does not go the full length claimed for it in support of the contention now made herein.

The proposition submitted in the third assignment is subdivided thus:

"(a) Legal features of the case conceding the evidence to have been sufficient to sustain the allegations of the answer after the complaint had been established.

"(b) Error of the court in holding that the evidence sustained defendant's contention."

The theory of the assignment is that plaintiff is an innocent purchaser in good faith of the mortgage credit acquired some three years. after maturity of the last instalment. Appellant quotes from Galindo, p. 338, and 4 Morell, 234. The texts referred to speak for themselves and need not be discussed here. Nor do we find any marked degree of persuasive force in the quotation from 7 C. J., pp. 232-33, pars. 359 and 360. The next citation, *idem*, page 242, para. 378, is somewhat more to the point:

"A purchaser at a sale in bankruptcy acquires as much title or interest as the bankrupt had, and nothing more, * * * "

"(b) The purchaser must take notice that nothing is sold except the bankrupt's interest. Asheville Supply etc. Co. v. Machin, 150 N. C. 738, 64 S. E. 887.

"(c) The rule of caveat emptor prevails in bankruptcy sales unless special direction otherwise is made in the order of sale. Carney v. Averill, 110 Me. 172; 85 Atl. 494. * * *

"(e) Unless there is some special direction in an order for the sale of real estate of the bankrupt, the trustee sells only the interest of the bankrupt therein. In re Muhlhauser, 121 Fed. 669, 57 C. C. A. 423, 10 Am. Bankr. 236." *Idem*, note 36.

As to the weighing of the evidence by the court below, we find no such manifest error as to require a reversal.

With reference to the incident mentioned in the fourth assignment, the record contains the following:

"ATTORNEY DOMÍNGUEZ.—And would you bring the witness Benjamín Gómez to the court to testify that since the books are not produced and are not in possession of the persons in whose custody they ought to be, that the said books contain no credit entry of any tobacco delivered by Teodoro Torres Laborda on account of a mortgage debt that he owed to the firm of A. Gómez & Co.? Just that; that no tobacco is credited on account of the mortgage or in settlement thereof.

"ATTORNEY MARTÍNEZ.—We object because it has not been sufficiently shown by the proper evidence that those books are not available to the plaintiff and that he could not produce them in evidence at the trial.

"COURT.—The court does not admit the evidence for the following reasons:

"First, because although it has been shown that those books cannot be found, there is no proof that they have been destroyed and for that reason cannot be introduced in evidence.

"Second, because the books of account of a merchant are evidence against him and can be introduced only as evidence in his favor when it is sought to prove matters that form part of the *res gestae* of the issue.

"Third, because the object of the evidence offered is to prove a negative fact without thereby disproving the fact of the delivery of the tobacco, which might very well have been delivered and not credited,

"Fourth, because in order that the testimony of the proposed witness might be admissible, certain formalities of the law of evidence should be complied with which have not been fulfilled by the party offering the evidence."

For the purposes of this case it may be conceded that the reasons assigned by the trial judge for excluding this evidence leave much to be desired, but the ground upon which objection was made by counsel for the defendant seems to be not wholly without merit. The argument in the brief is addressed to the reasons given by the district judge rather than to that mentioned as the basis of the objection. The ruling complained of can hardly be regarded as erroneous in so far as the fourth specification contained therein may be construed as including the ground of objection by counsel for defendant; and it seems sufficiently broad to admit of this interpretation.

In any event, this witness, the ex-bookkeeper for Gómez & Co., testified fully and freely to the circumstances surrounding the execution of the mortgage, to the alleged non-delivery of tobacco, to the non-existence of any account save for a few insignificant items after the execution of the mortgage, and to other details, to such an extent that if the trial judge had believed his testimony, there could have been no judgment for defendant. This testimony, viewed in the light of the third reason given by the judge for excluding the proposed testimony as to what was not contained in the missing books and of the result as disclosed by the judgment, plainly shows that anything this witness might have stated in regard to the non-existence of entries indicating partial payments in the books could not have produced a different

result in the mind of the court below.   The error, if any, was harmless.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro. and Justice Aldrey concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.