GAVILÁN, DEMANDANTE Y APELANTE, *v.* TORRES, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 2415.—Resuelto en julio 27, 1922.

ALEGACIÓN—CONTESTACIÓN ENMENDADA—OBJECIÓN—SORPRESA—APELACIÓN.—En este caso el demandado un día antes de la celebración del juicio presentó una moción solicitando permiso para archivar una contestación enmendada. Al suscitarse la cuestión en el día del juicio el demandante formuló su oposición sin exponer sus razones y anunció estar listo para discutir el asunto. La corte admitió la contestación enmendada concediendo al demandante un término para discutir la enmienda de cuya oportunidad no hizo uso el demandante. *Se resolvió:* que es improcedente por ser muy tardía la alegación de sorpresa cuando se levanta por primera vez en apelación.

QUIEBRA—*Caveat emptor.*—Un comprador en subasta pública en procedimientos de quiebra no adquiere más título o derecho que el que tenía el quebrado y debe saber que no se vende otra cosa que no sea el derecho del quebrado. La regla de *caveat emptor* prevalece en las ventas en procedimientos de quiebras a menos que se disponga otra cosa en la orden decretando la venta.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. G. Domínguez Rubio.*

Abogado del apelado: *Sr. M. A. Martínez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El demandante establece apelación contra una sentencia que desestima la demanda, dictada después de un juicio sobre los méritos del caso, y fundada en los hechos y conclusiones expresados por el juez sentenciador, y que son como sigue:

"Este pleito es uno de cobro de dinero, por el cual se trata de cobrar el montante de una hipoteca, siguiendo el trámite ordinario, alegando el demandado que dicho crédito hipotecario fué satisfecho. La prueba arroja el siguiente resultado: en dos de enero de 1914, Teodoro Torres Laborda, constituyó hipoteca voluntaria a favor de A. Gómez & Co., sobre una finca de su propiedad, sita en el barrio Roble del término municipal de Aibonito, por la suma de $775 con sus intereses, en cuanto a $475 pagaderos en fechas determinadas, en 19 de mayo de 1919 y habiendo sido declarado en quiebra la sociedad de A. Gómez & Co., le fué adjudicado dicho crédito a don Francisco Gavilán, juntamente con otros pertenecientes a la extinta sociedad; en 13 de mayo de 1920, el Sr. Gavilán notificó a Teodoro Torres Laborda, la cesión de dicho crédito hipotecario. De la prueba no aparece que la hipoteca voluntaria haya sido inscrita en el registro de la propiedad, como tampoco lo ha sido la cesión en pago o adjudicación de dicho crédito hipotecario. Que con anterioridad a la disolución de la sociedad de A. Gómez & Co., y antes de ser declarada en quiebra, el demandado Teodoro Torres Laborda entregó a su acreedor hipotecario, A. Gómez & Co., treinta y dos quintales de tabaco, valorados a $25 quintal, y diez quintales de boliche, con un valor de diez pesos por quintal, que montan a $900. Cuyo montante fué recibido por A. Gómez & Co. para la cancelación de la hipoteca, cuya escritura de cancelación no llegó a hacerse. También ha probado el demandado, Teodoro Torres Laborda, que tuvo en su propiedad pastando, veinte cabezas de ganado, pertenecientes a A. Gómez & Co., bajo el convenio de satisfacer un peso mensual por cabeza, estando dicho ganado en la finca del Sr. Torres Laborda, durante dos años y medio, más o menos. El artículo 152 de la Ley Hipotecaria establece lo que sigue: 'El crédito hipotecario puede enajenarse o cederse a un tercero en todo o en parte, siempre que se haga en escritura pública, de que se dé conocimiento al deudor y que se inscriba en el registro. El deudor no quedará obligado por dicho contrato a más que lo estuviere por el suyo. El cesionario se subrogará en todos los derechos del cedente.' Dentro de este capítulo, no hay duda alguna que el señor Torres Laborda no quedaba

obligado con el cesionario a más de lo que lo estaba con el cedente; y éste no podía transmitir otros derechos que los que tenía contra el señor Laborda. La hipoteca, no fué inscrita en el registro de la propiedad, y tampoco lo fué la cesión del crédito. El adquirente en este caso se ha acogido al procedimiento ordinario de la acción personal de cobro de dollars y no al trámite sumario de ejecución de hipoteca. En este pleito no hay duda que el demandado puede alegar cualquier defensa que tenga contra el señor Gavilán, como adquirente de los derechos de A. Gómez & Co. Y de su prueba aparece que él abonó a los señores A. Gómez & Co., suficiente dinero para cancelar dicha deuda. El demandado ha presentado una reconvención contra A. Gómez & Co. cobrándole la suma de $525, como montante del cuido de ganado. Pero A. Gómez & Co. no ha sido parte en este pleito y por consiguiente no puede dictarse sentencia en su contra. El demandado debe limitar su defensa a destruir la acción personal por deudas, que le sigue el demandante como cesionario del crédito de A. Gómez & Co.''

Los siguientes errores han sido alegados:

''1. La corte erró al aceptar con la oposición del demandante, la contestación enmendada en este caso, en el acto del juicio oral.

''2. La corte erró al no eliminar de la contestación enmendada, la alegación 4 de la misma.

''3. La corte erró al dictar sentencia contra el demandante, declarando sin lugar la demanda.

''4. La corte erró al no admitir la declaración de Benjamín Gómez en relación al contenido de los libros 'A. Gómez y Co.' cuyo paradero se ignoraba.''

Los fundamentos que se alegan para sostener el primer señalamiento de error son los siguientes:

''1. Porque la parte fué negligente en la solicitud sobre enmiendas.

''2. Porque se hizo cuando estaba listo el caso para ser visto en su fondo, o sea el mismo día en que se evacuaría la prueba.

''3. Porque esta enmienda constituía sorpresa para la parte demandante, ya que traía nuevas cuestiones y defensas para las cuales no estaba preparado el demandante.

''4. Porque su admisión implicaba la suspensión del juicio.''

Ninguno de estos fundamentos parece haber sido sugerido durante el juicio.

El demandante, entre otras alegaciones, hizo la siguiente:

"Cuarto: Que la mercantil A. Gómez & Co., acreedora del demandado, fué declarada en quiebra, por la Corte de Distrito de los Estados Unidos para Puerto Rico, Sección de San Juan, y fué referido el caso al *referee* don Arturo Bravo, con el número 151.

"Quinto: Que después de los trámites legales en dicho procedimiento fueron adjudicados en quiebra todos los bienes de la referida mercantil A. Gómez & Co., a los acreedores de ésta y encontrándose entre dichos acreedores el ahora demandante, le fueron adjudicados varios bienes, y entre ellos el crédito hipotecario constituído por el demandado Teodoro Torres Laborda, íntegramente, cuya adjudicación fué acordada en la última reunión de acreedores celebrada en dicho caso, en la ciudad de San Juan, el día 17 de abril del corriente año, en pago del crédito del demandante contra la mercantil quebrada, según escritura de adjudicación otorgada por el *trustee,* en dicha quiebra, don Isidoro D. Delgado, ante el notario Harry F. Besosa, el día 19 de mayo de 1919.

"Sexto: Que después de haber sido adjudicado el crédito hipotecario expresado al demandante, éste requirió diferentes veces de pago al demandado, que fué notificado de la cesión, quien se ha negado a satisfacer dicho crédito en total no pagando ni la deuda ni sus intereses al demandante ni a persona alguna por éste autorizada."

En la contestación, después de hacerse una negativa general de los hechos de la demanda, se alegaba como materia nueva lo siguiente:

"Que hace más de tres años que el demandado entregó a la referida mercantil A. Gómez & Co., varias partidas de tabaco en rama, que cosechó en la finca rústica que se describe en la demanda, cuyo valor ascendía a más de la suma que se alega como adeudada al demandante, para solventar su deuda, habiendo quedado dicha mercantil, obligada a otorgar la correspondiente carta de pago oportunamente, la cual no otorgó debido a la confianza que mediaba entre el representante de dicha mercantil A. Gómez & Co., y el demandado Torres Laborda, ocurriendo después el fallecimiento de dicho representante A. Gómez, sin que se otorgara la debida escritura de carta

de pago, que quedó aplazada por convenio de las partes, quedando extinguida la hipoteca.''

En la contestación enmendada, antes de exponerse esta materia nueva, se expresa lo que sigue:

''El demandado niega los hechos primero, segundo, tercero del escrito de demanda. 2. Niega asimismo el hecho cuarto de la demanda, y de contrario alega que el demandado era en la época a que se refiere la supuesta quiebra de la mercantil A. Gómez & Co., un acreedor de ésta y no ha sido notificado de dicho procedimiento ni ha tenido conocimiento judicial del mismo. 3. Niega también los hechos quinto y sexto de la demanda, alegando de contrario que dicha adjudicación fué notificada al demandado con mucha posterioridad a la interposición de la demanda.''

La moción solicitando permiso para radicar esta contestación enmendada fué presentada el día antes de la celebración del juicio. Al ser argumentada en el día del juicio, el demandante formuló objeción sin exponer sus fundamentos, aunque anunciando estar listo para discutir la cuestión. La corte admitió entonces la contestación enmendada, concediendo al demandante cinco días para hacer nuevas alegaciones si lo estimaba procedente. No se hizo uso de esta oportunidad. En vista de las circunstancias, la alegación de sorpresa hecha por primera vez en apelación se formula muy tarde.

La alegación cuarta de la contestación enmendada es idéntica al párrafo correspondiente de la contestación original ya citado. El razonamiento contenido en el alegato es el siguiente:

''Al resolver la Hon. Corte la cuestión pendiente, se basó en el artículo 52 del Código de Enjuiciamiento Civil. Nosotros entendemos que este artículo no es de aplicación al presente caso.

''La traducción es deficiente y el texto inglés al final del párrafo no nos dice *'negotiable instrument,'* (documento negociable), y sí *'promisory note,'* (pagaré) or *'bill of exchange'* (letra de cambio). Este artículo es más de aplicación a los simples documentos otorgados entre partes y no a las hipotecas.

"Sostenemos que para que quedare la defensa completa debió existir una alegación justificativa de *la mala fe* del cesionario al comprar este crédito, a fin de hacer valer contra él las defensas que se hubieran podido establecer contra 'A. Gómez & Co.' (Véase *Martínez* v. *García*, 18 D. P. R., pág. 734.)

"No insistiremos más en este error ya que más ampliamente lo argumentaremos al discutir sobre lo erróneo de la sentencia tanto en sus fundamentos legales como en los hechos."

Por ahora será bastante con decir que incumbe al apelante el establecer la razón de cualquier proposición en que se funde para pedir la revocación, y el único caso a que se ha referido no tiene todo el alcance que pretende dársele para basar en él la alegación que aquí se hace ahora.

La cuestión sometida en el tercer señalamiento se subdivide de este modo:

"*a.* Aspecto legal del caso aceptando la prueba tal y como si ella hubiese sido suficiente para sostener las alegaciones de la contestación, una vez probada la demanda.

"*b.* Error de la corte al apreciar que la prueba sostenía la alegación del demandado."

La teoría de este señalamiento es que el demandante es un adquirente de buena fe del crédito hipotecario que fué adquirido unos tres años después del vencimiento del último plazo. El apelante hace citas de Galindo, página 338, y del tomo 4 de Morell, página 234. Los textos referidos hablan por sí y no es necesario que se discutan ahora. Y tampoco encontramos ningún grado considerable de fuerza persuasiva en la cita que se hace del tomo 7 de Corpus Juris, págs. 232, 233, párrafos 359 y 360. La cita siguiente del mismo tomo, pág. 242, párrafo 378, es algo más aplicable al punto, a saber:

"Un comprador en una venta en procedimiento de quiebra adquiere título o derecho tan igual al que tenía el quebrado, y nada más. * * * " (Nota 36.)

(*b*) "El comprador debe saber que no se vende otra cosa sino el

derecho del quebrado.'' *Asheville Supply Etc. Co.* v. *Machin,* 150 N. C. 738, 64 S. E. 887.

(*c*) ''La regla de que el comprador debe tener conocimiento de los defectos (*caveat emptor*) prevalece en las ventas en quiebra, a no ser que se disponga especialmente otra cosa en la orden de venta.'' *Carney* v. *Averill,* 110 Me. 172, 85 Atl. 494.    *    *    *

(*e*) ''A menos que haya alguna disposición especial en una orden para la venta de inmuebles del quebrado, el síndico sólo vende el derecho que en ellos tiene el quebrado.'' *In re Muhlhauser,* 121 Fed. 669, 55 C. C. A. 423, 10 Am. Bankr. 236.

En cuanto a la apreciación de la prueba por la corte inferior, no encontramos que exista un error tan manifiesto que requiera la revocación de la sentencia.

Con respecto al incidente aludido en el cuarto señalamiento, los autos contienen lo siguiente:

''Lcdo. Domínguez: Y el testigo Benjamín Gómez lo traería a la corte para declarar, una vez que los libros no aparecen ni están en poder de los individuos que deben tenerlos, que de dichos libros no aparece ningún abono de ningún tabaco que hiciera Teodoro Torres Laborda a cuenta de una hipoteca que debía dicho Teodoro Torres Laborda a la mercantil A. Gómez & Co. A ese efecto único: que no aparece abonado a la cuenta de la hipoteca, ni como saldo de la misma, ningún tabaco.

''Lcdo. Martínez: Nosotros nos oponemos porque no se ha demostrado suficientemente por los medios de prueba adecuados, que esos libros no están al alcance del demandante para traerlos ante la corte como evidencia.

''Hon. Juez: La corte no admite la prueba por los siguientes fundamentos:

''Primero: Porque si bien se ha demostrado que no se han encontrado esos libros, no se ha justificado que han sido destruídos, y que por tal motivo no pueden presentarse a la corte como evidencia.

''Segundo: Porque los libros de un comerciante son prueba contra ellos mismos, y sólo pueden presentarse como prueba a su favor, cuando se trata de demostrar asuntos que forman parte del *res jest* de la cuestión.

''Tercero: Porque el objeto de la prueba que se ofrece es demostrar un hecho negativo, sin que por eso desvirtúe el hecho de la entrega del tabaco, que pudo muy bien ser entregado y no abonado, y

"Cuarto: Porque para que fuese admisible la declaración del testigo que se ofrece, es necesario llenar ciertos requisitos de evidencia, que no han sido llenados por la parte que ofrece la prueba."

Para los fines de este caso puede admitirse que las razones consignadas por el juez sentenciador para excluir esta prueba dejan mucho que desear, pero el fundamento que sirvió de base a la objeción hecho por el abogado del demandado no parece estar enteramente desprovisto de méritos. El razonamiento del alegato se dirige a los motivos aducidos por el juez de distrito más bien que al que se cita como fundamento de la objeción. La resolución de que se queja el apelante apenas si puede considerarse que es errónea en tanto pueda interpretarse la cuarta especificación en ella contenida como que incluye el fundamento de la objeción hecha por el abogado del demandado; y al parecer es suficientemente amplia para ser susceptible de esta interpretación.

De todos modos, este testigo, ex-tenedor de libros de Gómez & Co., declaró amplia y libremente sobre las circunstancias que concurrieron en el otorgamiento de la hipoteca, la alegada falta de entrega del tabaco, la inexistencia de cualquier cuenta con excepción de algunas partidas insignificantes después del otorgamiento de la hipoteca, y acerca de otros particulares, con tal extensión que de haber dado crédito el juez sentenciador a esta declaración no hubiera podido dictar sentencia a favor del demandado. Considerada esta declaración a la luz del tercer razonamiento aducido por el juez sentenciador para excluir la propuesta declaración en cuanto a lo que no aparecía en los libros que faltaban y del resultado según revela la sentencia, indica claramente que cualquier cosa que hubiera podido declarar este testigo sobre la inexistencia de asientos indicativos de pagos parciales hechos en los libros no pudo haber producido un resultado diferente en la mente de la corte inferior. El error, de haber alguno, no era perjudicial.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.